1  Jan Schieberl
   c/o 2240 Millstream Lane
2  San Ramon, CA
   Phone, 925-906-9414
3
   Plaintiff Jan Schieberl
4

FILED

2008 JUL -9 PM 2: 55

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

ADR

C08-03321

BZ

JAN SCHIEBERL
              Plaintiff,

       vs.

AVELO MORTGAGE, LLC;
NORTHWEST TRUSTEE SERVICES;
CITIMORTGAGE

       Defendants,

CASE NO.

VERIFIED COMPLAINT FOR

DAMAGES

NOTICE OF ASSIGNMENT
TO MAGISTRATE JUDGE SENT
GO 44 SEC. N

    Plaintiff JAN SCHIEBERL (collectively "Schieberl") alleges as follows against

defendants Avelo Mortgage, LLC ("Avelo"), Citimortgage, Northwest Trustee Services

("Northwest") (Collectvely "defendents");

PRELIMINARY ALLEGATIONS

1.    This complaint is filed for injunctive relief and damages to enforce plaintiff's

rights to recover  statutory damages, reasonable fees and costs due to Citimortgage and

Avelo's fraudulent lender practices including violations of Title Fair Debt Collection Practices

Act Civil Code 1788, Title 15 U.S.C. '1692 and fundamental fiduciary duties owed to defendants to enforce plaintiff's rights to her home for declaratory relief against the alleged debt collectors, declaration that the rights of the trustee are invalid and illegal causing plaintiff to incur damages. Further plaintiff is being wrongfully ousted from her family home and will suffer irreparable harm: money damages cannot compensate Schieberl for the loss of her primary residence.

2.    Schieberl is ignorant of the true names and capacities of the persons engaged in commercial activities of the defendant. Discovery will confirm the identity, capacity and interests of the defendant's agents when determined. However, plaintiff has seen no legal evidence on the record that would support assertions or conclusion that defendant(s) has or have acquired legal standing as a holder in due course for adequate value.

3.    On information and belief Schieberl alleges that Avelo is committing fraud in the factum in that defendant(s) is not a person entitled to enforce the alleged DEBT because they lack standing and legal capacity to enforce the instruments.

4.    SCHIEBERL objects to the non-judicial foreclosure or judicial foreclosure without sufficient evidence for the Court to review as proof of the identity of the real party in interest, i.e. the person legally vested with the power to enforce the note as a holder in due course for adequate and sufficient  value  paid for  the note on the subject real property. Defendants may not foreclose on the subject property without showing lawful status and standing and legal capacity to enforce the instruments. The defendants proceeded in non judicial foreclosure to transfer the title to themselves at a wrongful foreclosure 'sale' and subsequently filed an unlawful detainer action to oust the plaintiff from her home.  No one purchased the property; there was no sale therefore this was a "No Sale". The plaintiff faces a sheriff's eviction.

5.    The basis for suit is failure to comply with Schieberl's  lawful demand to validate the alleged debt in good faith and fair dealing and the Fair Debt Collection Practices

Act California Civil Code '1788-1788.3 known as the "Rosenthal Fair Debt Collection Practices Act," and related code sections of 15 U.S.C. '1692.

6.      SCHIEBERL  objects to the non-judicial foreclosure or judicial foreclosure without sufficient evidence for the Court to review as proof of the identity of the real party in interest, i.e. the person legally vested with the power to enforce the note as a holder in due course for adequate and sufficient  value  paid for  the note on the subject real property. Defendant may not foreclose on the subject property without showing lawful status and standing.   The defendants proceeded in non judicial foreclosure to transfer the title to themselves at a wrongful foreclosure sale and subsequently filed an unlawful detainer action to oust the plaintiff from her home.  No one purchased the property; there was no sale therefore this was a "No Sale". The plaintiff faces a sheriff's eviction.

## PARTIES

7.      Schieberl is the plaintiff in possession of the property located at 2440 Millstream Lane, San Ramon, CA 94582.  Plaintiff is currently threatened by fraud, threats and financial duress by Citimortgage and Avelo's commercial activities in mortgage lending and foreclosure business.  Defendant(s) is proceeding to execute eviction under unlawful detainer actions.

8.      Avelo is a Texas corporation who lists its Agent for Service of Process as Jackson and Associates, 4199 Campus Drive, Suite 700, Irvine, CA 92612, for purposes of Unlawful Detainer/ Eviction Action.

## JURISDICTION AND VENUE

9.      Jurisdiction is conferred upon this court pursuant to 28 U.S.C. ' 1331 in that the claims alleged therein arise under the laws of the United States.  This court has supplemental jurisdiction pursuant to 28 U.S.C. Section 1367 to hear and determine Plaintiffs' state law claims because those claims are related to Plaintiffs' federal claims and arise out of a

common nucleus of related facts and form part of the same case or controversy under Article III of the United States Constitution. Jurisdiction within this court is predicated upon various Federal questions arising under the United States Code including but not limited to 15 USCA § 1640 et seq. Commonly know as the Truth in Lending Act (TILA): 12 USCA § 2605 the Real Estate Settlement Procedures Act (RESPA) and 15 USCA § 1602 et seq. commonly known as the Homeowners Equity Protection Act, as well as 15 USCA §1692 , commonly known as the Fair Debt Collection Practices Act

10.    Standing to Sue.  The amount in controversy exceeds the unlimited jurisdiction amount as the subject matter jurisdiction involves a written contract exceeding the amount of $648,000.00 ($576,000.00 primary and $72,000.00 HELOC to Citimortgage, plus interest and other fees and damages) as a result of Avelo's alleged illegal conduct in attempting to collect an unlawful debt. Schieberl suffers the threatened injury of loss of her home, i.e. wrongful eviction and becoming homeless as a result of the putatively illegal conduct of the defendant and/or its agents.  Schieberl is informed that financial injury took place upon foreclosure, resulted in the real loss of living quarters followed by unlawful detainer, Sheriff's eviction, followed by homeless condition.  Schieberl's injury as a result of Avelo's conduct is likely to be redressed if the requested relief is granted.

11.    The Court has jurisdiction over Plaintiffs' action for declaratory relief pursuant to 28 U.S.C. ' 2201 and Rule 57 of the Federal Rules of Civil Procedure.  Injunctive relief is authorized by 28 U. S. C. ' 2203 and Rule 65 of the Federal Rules of Civil Procedure.

12.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. ' 1391(b)(2) in that the unlawful conduct that gave rise to these claims occurred within the Northern District of California. The real property in question is located within Contra Costa County, California.

## DEFENDANT IS PREDATORY LENDER AND BROKER

13.     There is no uniformly accepted definition of "predatory lending."  However, the United States Department of Housing and Urban Development ("HUD") has defined predatory lending as lending "involving deception or fraud, manipulation of borrowers through aggressive sales tactics, or taking unfair advantage of a borrower

18.     Since predatory lenders are constantly developing new techniques to take advantage of borrowers, it is generally accepted by the lending industry and government agencies that monitor that industry that predatory lending practices include engaging in aggressive, high pressure and/or misleading tactics. AVELO  engaged in this kind of conduct toward Schieberl after it acquired control of their loan that originated with Aegis Wholesale Lending who were the original beneficiary under that certain Deed of Trust dated June 16, 2006.

19.     AGENCY.  On information and belief, Schieberl  alleges that Avelo was a corporation, institution, broker, lender, trustee, dealer or seller of securities, organized and existing under the corporate laws of Texas, and operates within Texas, or their States within the United States.   On information and belief, Schieberl alleges defendants individuals operate as agents, managers, officers, or as trustee for the "mortgage Lender".

20.     Schieberl allege the defendant(s) operate a for profit foreclosure business.   The event of foreclosure creates a negative financial comment to be placed in the plaintiffs' credit file resulting in damage to Schieberl since a lower FICA score results in higher costs of credit which is kept by Experian, Transunion, and Equifax which are operational components of the Money Trust.  This injury is fairly directly traceable to defendants' actions of conducting the

trustee's sale on Schieberl's subject property without answering their requests for the validation of debt and without crediting her account with payments tendered.

21.    Defendants provided plaintiff with papers that indicated that Defendants may be a debt collector attempting to collect a debt.  No verification of debt was provided to plaintiffs.  Defendant Avelo's sent notices that it was attempting to collect a debt.  Defendants are in default in violation of the Fair Debt Collection Practices Act for State and Federal law. Schieberl object to this violation of their protected rights under the debt collection laws of this State.

22.    <u>Defective Notice of Default and Election to Sell</u>.    From September 2007 continuing to date, Schieberl has sent defendants written requests to validate and verify the alleged debt. The requests have gone unanswered.  The Notice of Trustee's Deed Upon Sale, Document number 2008-0090958-00, which was filed and recorded on April 25, 2008 is defective in that the request to validate the alleged debt (RESPA Qualified written request dated April 7, 2008, received by defendants on April 9, 2007 by certified mail, and recorded in public records of Lamar County, GA BPA book 7, pages 366-381 on May 2, 2008) has gone unanswered and the tender of payment is unaccounted for.  Further under commercial law this purported foreclosure sale does not constitute a sale.    Defendants are falsely recording transaction documents as if it actually were a sale.  It is considered a "no sale" as the property went back to the defendants, no one actually purchased the property. Defendants  are simply transferring  title.  In fact, realtors are approaching the plaintiff to show the property to prospects.

23.    Defendants are subject to equitable estoppel under laches and are barred from further proceeding on the matter until their non response default is addressed.    Defendants' non response to request for debt verification continued with the notary presentment (Notice of Fault and Opportunity to Cure regarding RESPA Qualified Written Request and Notice of Default regarding Conditional Acceptance of Offer upon Proof of Claim) which was received

by the Defendants and recorded in Lamar County, GA on May 15, 2008 BPA Book 8 Pages 8-10. A copy of that presentment package is attached hereto as Exhibit A which includes all Plaintiffs' months of attempts to get a response on the issues of the subject property. Defendants' non response conduct continued with their failure to apply Schieberl's full payment to the alleged debt in September 2007, October 2007 and November 2007. This provides legal authority for the application of temporary injunction to enjoin the execution of eviction under wrongful unlawful detainer.

FIRST CAUSE OF ACTION

DECLARATORY JUDGMENT Against Defendants

Avelo Mortgage, LLC ("Avelo"), Northwest Trustee Services ("Northwest") and Citimortgage,

24. Schieberl realleges and incorporates by reference the allegations contained in paragraphs 1-23.

25. Schieberl respectfully requests that the court declare that Plaintiff is protected by the Fair Debt Collections Practices Act with its companion of Title 15 U.S.C. ' 1692 with all its reserved rights, benefits, and privileges.

26. The Court should determine if the alleged debt collector or some other company has possession and can produce the original Note and Deed of Trust to identify the holder of the original instruments on the record.

27. The Court should declare whether or not the defendants can demonstrate legal status and standing in the true legal capacity as holder in due court of the original signed deed of trust and any related note.

28. The Court should determine whether or not the defendants have violated state securities laws as seen by California Financial Code ' 335608 and 22340 is applicable where

there is fraudulent selling of eligible notes when in fact they are not selling them, merely the collection rights under the servicing agreement

29.    A judicial determination is appropriate to determine the plaintiff's rights and duties before the pending execution of a sheriff's eviction.

30.    Plaintiff is informed and believes that she has alleged grounds for cancellation of the mortgage documents and deeds of trust for cause as stated herein and specifically as the character and relationship of the parties, the existence of the ground for recovery, including fraud, false representations, or impossibility of performance, defendants' failure to perform, and the inadequacy of a remedy at law.

31.    The court should declare that laches applies to bar the alleged debt collector, or, since the trustee failed to comply with the Fair Debt Collection Practices Act in order to proceed to trustee sale of the property, the trustee is equitably estopped from taking any further action against the subject property.

SECOND CAUSE OF ACTION

INJUNCTIVE RELIEF Against Defendants

Avelo Mortgage, LLC ("Avelo"), Northwest Trustee Services ("Northwest") and Citimortgage ,

32.    Schieberl realleges and incorporates by reference the allegations contained in paragraphs 1-31.

33.    The trustee's wrongful sale and Unlawful detainer must be stayed to prevent great and irreparable injury to the plaintiff should the eviction occur as scheduled.

34.    Schieberl requests the court for a Restraining Order enjoining and restraining the named Defendants from Evicting Plaintiff from subject Property at 2440 Millstream Lane, San Ramon, CA. This court should stay    defendant's agent    NORTHWEST TRUSTEE

SERVICES unlawful foreclosure and Jackson & Associates' proceeding under unlawful detainer and eviction until a further order of this court due to their lack of jurisdiction and wrongful refusal of tender. The rights of the trustee should be declared invalid.

35.    Plaintiff will suffer irreparable injury if the execution of eviction under the unlawful detainer action is not enjoined permanently. Defendant(s) has no standing to proceed in foreclosure, unlawful detainer and eviction on the subject property by their conduct in failure to provide validation and verification of the alleged debt documents and waiver of the notary presentment. Further Defendant(s) has wrongfully failed to apply Plaintiff's offered payment. Since Plaintiff has no other plain, speedy, or adequate remedy, and the injunctive relief requested is necessary and appropriate to prevent irreparable injury to plaintiffs.

THIRD CAUSE OF ACTION

STATUTORY DAMAGES Against Defendants

Avelo Mortgage, LLC ("Avelo"), Northwest Trustee Services ("Northwest") and Citimortgage .

36.    Schieberl realleges and incorporates by reference the allegations contained in paragraphs 1-35.

37.    Plaintiff is entitled to statutory damages from defendants for their fraudulent conduct and commercial injury plus penalty in excess of $25,000,000.00 for their non response to the repeated requests for debt verification and commercial lien against them. In addition Plaintiff has tendered full payment in kind three times to defendant Avelo and once to Citimortgage, to no avail. In good faith on or about September 4, 2007, October 12, 2007 and November 4, 2007, Plaintiff provided payment in kind to AVELO c/o 250 E. John

Carpenter FWY, Suite 300, Irving, Texas 75062, And on September 4, 2007 plaintiff provided payment in kind to Citimortgage, 1 Court Square 42nd floor, Long Island City, New York, 11120 for pay off settlement of AVELO mortgage account #100323682 and Citimortgage account # 07708111476. **None** of these full tenders were accredited to plaintiff's accounts. Defendants failed to return receipt reflecting zeroing the accounts to the plaintiff. Since the claims of the plaintiffs are deemed true in the affidavit by defendant's non response, plaintiffs should prevail on all of their claims.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court grant to her the following relief:

1.     Grant her a Permanent Restraining Order enjoining and restraining the pending wrongful eviction in violation of state and federal lending laws and fair practice laws,

2.     Grant the Preliminary Restraining Order without bond;

3.     Cancel and release any deeds of trust in favor of defendents and restore title to plaintiff, and

4.     Statutory damages for non response according to proof;

5.     Grant such other and further relief as the Court deems equitable, appropriate and just.

Date: July 9, 2008                          Respectfully submitted,

Jan Schieberl
Plaintiff in pro se

VERIFIED COMPLAINT - 10

## VERIFICATION

I, Jan Schieberl, am the plaintiff in the above-entitled action. I have read the foregoing complaint for damages and know the contents thereof. The facts and allegations contained therein are true and correct of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Ramon, California.

Dated:   July 09, 2008

Jan Schieberl

Exhibit "A"

WHEN RECORDED MAIL TO:
JAN MARIE SCHIEBERL
c/o Fred Sadighpour
5568 Pine Hollow Rd
Concord [94521] California

LAMAR COUNTY, GA, SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
MAY 15 2008   AT 10:00 A M
BPA BOOK ____8____ PAGES 1-83

_W. Ferrell_

DEPUTY CLERK

# NOTICE OF DEFAULT

**Grantor: L. DENISE STEELE and DAVID ALTSHULER c/o AVELO MORTGAGE**
**Grantee: JAN MARIE SCHIEBERL**

**REGARDING: ACCOUNT 100323682**
**Schedules attached hereto are referred to as Schedules A-H**

    A. Notice of Default - RESPA Qualified Written Request and Certificate of Non performance/Non Response  (3 pages)

        2)  To Avelo Mortgage and Aegis Wholesale Lending

    B. Notice of Default - Notice of Tender of Payment and Certificate of Non Performance/ Non Response  (3 pages)
        2)  To Avelo Mortgage and Northwest Trustee Service

    C. Notice of Default - Notice of Affidavit of Rescission and Certificate of Non Performance/ Dishonor    (3 Pages)
        2)  To Avelo Mortgage

    D. Notice of Counterfeit Security and Other Violations of Federal Law and Statement of Facts (14 pages)
        2)  12 page Notice, UCC1, UCC3
            i.  Note : Sent to Contra Costa Court Judges, Avelo Mortgage, Northwest Trustee Services, Shawna Jorat and Andrea Szekrenyi (Pinnacle Real Estate Group)

    E. Declaration of Political Status (Apostilled)  (13 pages)

    F. Master Tenant Lease  (26 Pages)

    G. Notice of Acceptance Letter to Avelo (11 Pages)

## H. Notice of Fault - Notice of Counterfeit Security (3 pages)

YOU ARE IN DEFAULT of verification in the form of a statement of account demonstrating that payment has been processed pursuant to G.A.A.P. or evidence of a defect in the tender such as a notice of dishonor from the Secretary must be received by the principal through me.

TRUE BILL. Any attempt to malign payment without a demonstrable notice of dishonor will necessarily be billed as a commercial slander. **As a Trustee, your understanding of the substantial commercial and corporeal penalties for failing to transfer funds to Treasury is presumed.**

COURTESY DISCLOSURE. Counsel may request a three (3) day opportunity to consider the gravity of your decisions. It is my sincere hope that any party misappropriating funds, and all parties counseling such action regardless of the stature of their fictional titles, be afforded ample collateral opportunity under oath to qualify their actions, disqualify the setoff, identify the surety publicly, rebut the public record of personal liability, and explain how they might officiate a case in which they have been named 3rd party defendants. In making such a request through the notary, please specify the specific documents of interest.

LIEN ON YOUR RECORDS. **IT IS IMPERATIVE THAT YOU PRESERVE YOUR RECORDS INCLUDING OFF-BALANCE SHEET JOURNALS REGARDLESS OF ORDERS FROM SUPERIORS WHO MAY NOT SHARE YOUR EXPOSURE AND WANT OF IMMUNITY.** You may wish to consult outside counsel before acting on command of those who might derive benefit if you personally absorb the liability. In my experience, grand juries are spellbound when a private party makes direct presentation of official misconduct including the efforts of U. S. Attorneys and other officials to shield an official from prosecution, influence a court officer, or tamper with evidence or witnesses. The growing list of such indictments may be available from your County bar or can be requested by counsel.

One final caution, any unfortunate use of force, coercion, intimidation or deception to gain defacto jurisdiction over a living man will be certified and treated as your confession to enticement to slavery by ordering me to falsely present myself as a United States person/subject against my will and in contravention of the Convention de la Haye du 5 octobre 1961. In related cases grand juries are spellbound at this presentation, a list of such cases is available upon counsel's request.

Total number of pages: 78 pages including cover sheet

May 10, 2008
Proof of mailing attached

CERTIFIED MAIL 7008 0150 0003 7508 5539
7008 0150 0003 7508 5577

RE: AVELO MORTGAGE LOAN for AVELO MORTGAGE ACCOUNT # Aegis Account 307208062 aka
Avelo account 100323682

AVELO MORTGAGE, Alleged Creditor,
                    v.
JAN MARIE SCHIEBERL, Alleged Debtor

L. DENISE STEELE, DIRECTOR-LEGAL SERVICES, AVELO MORTGAGE, Alleged Creditor.

**Re: Notice of Default regarding Conditional acceptance of offer upon proof of claim by L. DENISE STEELE, DIRECTOR-LEGAL SERVICES, AVELO MORTGAGE and ANDREW J. SUTTON, AEGIS WHOLESALE LENDING, dated April 7, 2008 and Notice of Fault and Opportunity to Cure regarding RESPA Qualified Written Request dated April 28, 2008, regarding Alleged Debt.**

Gentlemen:

          AVELO MORTGAGE AND AEGIS WHOLESALE LENDING and all Agents et. al. **have failed to provide** the requested certified and verified documentation within the 10 day period allowed them. Therefore AVELO MORTGAGE AND AEGIS WHOLESALE LENDING and all Agents et. al., have Agreed to the aforementioned Commercial Dishonor(s), **and are now held bound to a Full Tacit Contractual Agreement** to lose any defense and to forfeit any / all remedies under INTERNATIONAL ADMINISTRATION JUDICIAL RULES and/or under ADMIRALTY / MARITIME RULES, JUDICIAL LAW, and **have admitted that they are fully liable to this Tort claim for damages** to JAN MARIE SCHIEBERL, Without Recourse.

          Having requested in Good Faith the post settlement and closure of this account under *Public Policy,* including the removal of any and all judgments on the Public Record, and AVELO MORTGAGE AND AEGIS WHOLESALE LENDING and all Agents et. al. **have failed to accept or respond**, now therefore AVELO MORTGAGE AND AEGIS WHOLESALE LENDING and all Agents et. al. **Agree that their claim for account number Aegis Account 307208062 aka Avelo account 100323682 is now closed, With Prejudice, Res-Judicata.**

By: _Jan Marie Schieberl_                    Date  5/10/08

I certify under penalty of perjury
that this is a true, correct and
complete copy of the document
as it was presented to me.

_Jan Marie Schieberl_  5/12/08
Jan Marie Schieberl   Date

JAN MARIE SCHIEBERL, Agent for JAN MARIE SCHIEBERL©
In care of: Fred Sadighpour, Notary Public
C/o 5568 Pine Hollow Rd
Concord [94521] California

This 2 page Notice of Fault is cordially presented, All Rights Reserved – Under Necessity

**Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent**

Exhibit "A"

| U.S. POSTAL SERVICE | CERTIFICATE OF MAILING |
|---|---|
| MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT PROVIDE FOR INSURANCE -- POSTMASTER | |

The foregoing **Notice of Default regarding RESPA Qualified Written Request dated April 7, 2008 and other Violations of Federal Law, Notice of Fault regarding RESPA Qualified Written Request dated April 28, 2008** was sent using Certificate of Mailing, (Postal Code S914.O-914.2.3) Certified U.S. Mail on **May 10, 2008.**

From: JAN MARIE SCHIEBERL
          In care of: Fred Sadighpour, Notary Public
          C/o 5568 Pine Hollow Rd,
          Concord [94521] California


To:    L. DENISE STEELE, DIRECTOR-LEGAL SERVICES,
          AVELO MORTGAGE
          250 E. John Carpenter Fwy, Ste 300
          Irving, Texas 75062

          Andrew J. Sutton
          AEGIS WHOLESALE LENDING
          3250 Briarpark, Suite 400
          Houston, TX 77042


Enclosed are items of mail including:


1. JAN MARIE SCHIEBERL's **Notice of Default regarding RESPA Qualified Written Request and other Violations of Federal Law, and AVELO MORTGAGE and AEGIS WHOLESALE LENDING invalid response to RESPA Qualified Written Requests dated April 7, 2008** , being a ___1___ page document


————————————————
POSTMASTER STAMP

2

Certification of Documents contained in this mailing
PS FORM 3817 Mar. 1989

CERTIFICATE OF NON-RESPONSE
CERTIFICATE OF NON-PERFORMANCE

STATE OF CALIFORNIA COUNTY OF CONTRA COSTA ) SS.

**PRESENTMENT**  Be it known, that the person signing below, FRED SADIGHPOUR a duly empowered Notary Public, in care of c/o 5568 Pine Hollow Rd, CONTRA COSTA, California 94521, did certify that on or about April 28, 2008, Jan Marie Schieberl, by placing into USPS Certified Mail RRR 7008 0150 0003 7508 5553 and confirmed delivered on April 30, 2008, served Notice of Fault and Opportunity to cure RESPA Qualified Written Request to  David Altshuler and L. Denise Steele of Avelo Mortgage, 230 E. John Carpenter Fwy, Ste 300, Irving Texas 75062, and and by USPS Certified Mail RRR 7008 0150 0003 7508 5584 and confirmed delivered on April 30, 2008, served Notice of Fault and Opportunity to cure RESPA Qualified Written Request on Andrew J. Sutton, Counsel, AEGIS WHOLESALE LENDING, 3250 Briarpark, Suite 400, Houston, TX 77042  on Account # 307208062 aka Avelo account 100323682 .

**NON-RESPONSE** The time limit of ten (10) days having elapsed with no response from L. Denise Steele, David Altshuler or Andrew J. Sutton.

**NON-PERFORMANCE**  Whereupon, the Notary Public signing below, for the reason of dishonor by non-response and non-performance under UCC Article 3 § 5005(b), does publicly and solemnly certify the dishonor as against all parties it may concern for liability according to the terms therein stated, by reason of nonperformance thereof and **stipulations therein.**

**NOTICE**      The undersigned Notary Public, certifies that on or about May 10, 2008  Notice(s) of Dishonor were sent to the parties noted below by depositing in a depository of the United States Postal Service within the State indicated herein in a sealed envelope containing said Notice(s) directed to the respective persons at the last known corresponding address noted below:

**NAME**                    **ADDRESS**

David Altshuler            AVELO MORTGAGE, 230 E. John Carpenter Fwy, Ste 300, Irving, TX 75062
L. Denise Steele           AVELO MORTGAGE, 230 E. John Carpenter Fwy, Ste 300, Irving, TX 75062
Andrew J. Sutton         AEGIS WHOLESALE LENDING, 3250 Briarpark, Suite 400, Houston, TX 77042

**TESTIMONY**  In testimony of the above, I have signed my name and attached my official seal.

_____        5/12/08        _____        (seal)
FRED SADIGHPOUR. Notary Public                Date

My Commission Expires  5/12/2012

FRED SADIGHPOUR
COMM. # 1795074
NOTARY PUBLIC - CALIFORNIA
CONTRA COSTA COUNTY
My Comm. Expires April 12, 2012

(Note: Notary Public FRED SADIGHPOUR, is not an attorney licensed to practice law in the state of California and has not given legal advice nor accepted fee for legal advice, provided no assistance in the preparation of the above referenced documents, and has no interest in any issue referenced therein. FRED SADIGHPOUR., is not a party to this action and is ONLY acting in an authorized capacity as liaison to communications between the parties)
CERTIFIED MAIL #s  7008 0150 0003 7508 5539, 7008 0150 0003 7508 5577.

3

Exhibit "A"

WHEN RECORDED MAIL TO:
JAN MARIE SCHIEBERL
c/o Jeanne Lovelace
C/o Post office box 3485
Clovis [93613] California

LAMAR COUNTY, GA. SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
MAY - 2 2008 ___ AT _9:13A_ M
BPA BOOK____7____ PAGES 345

_UBelecert_

**DEPUTY CLERK**

# NOTICE OF DEFAULT

**Grantor: L. DENISE STEELE and DAVID ALTSHULER c/o AVELO MORTGAGE**
**Grantee: JAN MARIE SCHIEBERL**

**REGARDING:  ACCOUNT 100323682**
**Schedules attached hereto are referred to as Schedules A-L**

A.  Foreign Advisory  (5 pages)
B.  Certified Copy Schedule A - Default Under Public Policy (1 page)
C.  Certified Copy Schedule B - Demand Payment of Invoice No: Loan 100323682 (1 page)
D.  Certified Copy Schedule O - Offers to Expand Funds under Public Policy (1 page)
E.  Notary's Certificate of Service Mailed November 5, 2007 (1 page)
F.  Certificate of Non Performance/ Dishonor on Bonded Promissory  note 7007022000149134219 Dated November 16, 2007 (1 page)
G.  Certified Copy Private Letter to L. Denise Steele Dated November 16, 2007 (2 pages)
H.  Certified Copy Affidavit For Certificate of Dishonor dated November 16, 2007 (1)
I.  Due Presentment under Notary Seal Dated November 15, 2007 of Three day offer of Immunity (1 page)
J.  Certificate of Non Performance/Dishonor dated November 26, 2007 on Three Day offer of Immunity (1 page)
K.  Notary's Certificate of Service dated November 26, 2007 (1 page)
L.  Certif Due Presentment Under Notary Seal dated November 26, 2007 (1 page)
M.  Certified Copy Notice of Affidavit of Recission (1 page)
N.  Certified Copy Qualified Written Request (RESPA) (16 pages)

YOU ARE IN DEFAULT of verification in the form of a statement of account demonstrating that payment has been processed pursuant to G.A.A.P. or evidence of a defect in the tender such as a notice of dishonor from the Secretary must be received by the principal through me.

TRUE BILL.  Any attempt to malign payment without a demonstrable notice of dishonor will necessarily be billed as a commercial slander.  **As a Trustee, your understanding of the substantial commercial and corporeal penalties for failing to transfer funds**

<u>to Treasury is presumed.</u>

COURTESY DISCLOSURE. Counsel may request a three (3) day opportunity to consider the gravity of your decisions. It is my sincere hope that any party misappropriating funds, and all parties counseling such action regardless of the stature of their fictional titles, be afforded ample collateral opportunity under oath to qualify their actions, disqualify the setoff, identify the surety publicly, rebut the public record of personal liability, and explain how they might officiate a case in which they have been named 3rd party defendants. In making such a request through the notary, please specify the specific documents of interest.

LIEN ON YOUR RECORDS. **IT IS IMPERATIVE THAT YOU PRESERVE YOUR RECORDS INCLUDING OFF-BALANCE SHEET JOURNALS REGARDLESS OF ORDERS FROM SUPERIORS WHO MAY NOT SHARE YOUR EXPOSURE AND WANT OF IMMUNITY**. You may wish to consult outside counsel before acting on command of those who might derive benefit if you personally absorb the liability. In my experience, grand juries are spellbound when a private party makes direct presentation of official misconduct including the efforts of U. S. Attorneys and other officials to shield an official from prosecution, influence a court officer, or tamper with evidence or witnesses. The growing list of such indictments may be available from your County bar or can be requested by counsel.

One final caution, any unfortunate use of force, coercion, intimidation or deception to gain defacto jurisdiction over a living man will be certified and treated as your confession to enticement to slavery by ordering me to falsely present myself as a United States person/subject against my will and in contravention of the Convention de la Haye du 5 octobre 1961. In related cases grand juries are spellbound at this presentation, a list of such cases is available upon counsel's request.

Total number of pages: 36

LAMAR COUNTY, GA. SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
MAY - 2 2008    AT 9:34 M
BPA BOOK ___7___ PAGES ___
DEPUTY CLERK

# CERTIFICATE OF NON-PERFORMANCE / DISHONOR

Exhibit "A"

STATE OF <u>CALIFORNIA</u> COUNTY OF <u>FRESNO</u> } SS

**PRESENTMENT**   Be it known, that, the person signing below, a duly empowered Notary Public, at the request of <u>Jan Marie Schieberl</u> in care of <u>JEANNE LOVELACE, C/o Post office box 3485, Clovis [93613] California</u>, did duly present on <u>November 4, 2007</u> the attached Bonded Promissory Note No. <u>70070220000149134219  and sundry documents per Notary Certificate of Service</u> dated <u>November 4, 2007</u> to L. Denise Steele, d/b/a Director Legal Services, Avelo Mortgage, 230 E. John Carpenter Fwy, Suite 300, Irving, Texas 75062 for issue credit to account known as Account# 100323682, signed by Jan Marie Schieberl, the time limit having elapsed for acceptance thereof and providing clarification of settlement and closure, which was refused.

**NON-PERFORMANCE**   Whereupon, the Notary Public signing below, for the reason of <u>dishonor by non-performance</u> does publicly and solemnly certify the dishonor as <u>against</u> all parties it may concern for liability equivalent to the face value of the instrument, and all costs, damages and interest incurred, or hereafter incurred, by reason of nonperformance thereof and <u>stipulations therein</u>.

**NOTICE**       The undersigned Notary Public, certifies that on <u>November 16, 2007</u>, Notice(s) of Dishonor were sent to the parties noted below by depositing in a depository of the United States Postal Service within the State indicated herein a sealed envelope  containing said Notices(s) directed to the respective persons at the last known corresponding address noted below:

| NAME | ADDRESS |
|---|---|
| L. Denise Steele, Director Legal Services | 230 E. John Carpenter Fwy, Suite 300, Irving, Texas 75062 |
| David Altshuler, Chief Financial Officer | 230 E. John Carpenter Fwy, Suite 300, Irving, Texas 75062 |

| PROMISSORY NOTE | |
|---|---|
| AMOUNT | $5,000,000.00 |
| INTEREST | |
| NOTICES | |
| POSTAGE | |
| TOTAL* | $5,000,000.00 |

**TESTIMONY**    In testimony of the above, I have signed my name and attached my official seal

*Jeanne Lovelace*      Notary Public

My Commission Expires July 16, 2008

Date <u>November 16, 2007</u>

JEANNE LOVELACE
Commission # 1501163
Notary Public - California
Fresno County
My Comm. Expires Jul 16, 2008

Certified mail # _____ 7006 2760 0003 7906 6876 _____

[**Note**: Notary Public JEANNE LOVELACE, is not an attorney licensed to practice law in the state of California and has not given legal advice nor accepted fees for legal advice; provided no assistance in the preparation of the above referenced documents, and has no interest in any issue referenced therein. JEANNE LOVELACE is not a party to this action and is ONLY acting in an authorized capacity as liaison to communications between the parties.]

## CERTIFICATION OF DUE PRESENTMENT OF NOTICE UNDER NOTARY SEAL

**Date of Presentment:**      November 4, 2007

**Notice Presented Under Seal:**  BONDED PROMISSORY NOTE NO. 70070220000149134219
FIDUCIARY INSTRUCTIONS
IRS FORM 1040V
CERTIFIED COPY SCHEDULE C
CERTIFIED COPY SCHEDULE D
CERTIFIED COPY PRIVATE DISCHARGE AND INDEMNITY BOND NO. RA940511231US-JMS
CERTIFIED COPY PRIVATE OFFSET BOND NO. 70040750000239695742-JMS
CERTIFIED COPY OF Avelo Mortgage Statement
VARIOUS SUNDRY DOCUMENTS LISTED ON NOTARY CERTIFICATE OF SERVICE

**Notary's Certification:**    The above-noted parties were presented notice under notary seal that certification of non-performance within ten (10) days of postmark would comprise their <u>confession to the absence of a defect in the note, the value of the note, a theft of funds equal to the said value in the special maritime jurisdiction, a reportable gain, and their status as holder(s) in due course and liable party(ies) of record on the note by conversion</u>, the time having elapsed for performance thereof, which was refused.

LAMAR COUNTY, GA. SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
MAY - 2 2008  AT  9:34  M
BPA BOOK ___7___  PAGES 356
*[signature]*
DEPUTY CLERK

**DUE PRESENTMENT UNDER NOTARY SEAL**    Exhibit "A"

**NOTICE TO PRINCIPAL IS NOTICE TO AGENT**
**NOTICE TO AGENT IS NOTICE TO PRINCIPAL**

**From**:    Jeanne Lovelace, Notary Public
C/o P.o box 3485
Clovis [93613] California

**PRIVATE**
**NOT FOR PUBLIC FILING**

Registered Mail RB585312376US
Henry Paulson, U.S. Trustee
c/o U.S. Department of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

Certified Mail # 7004 0750 0002 3969 5773
Director,
Memphis Service Center,
Internal Revenue Service
5333 Getwell Rd.
Memphis, Tennessee 38118

Certified mail # 7007 0220 0001 4913 4288
L. Denise Steele
Director Legal Services
Avelo Mortgage
230 E. John Carpenter Fwy, Suite 300
Irving, Texas 75062

LAMAR COUNTY, GA. SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
MAY - 2 2008    AT  9: 54  M
BPA BOOK _____ 7 ___ PAGES 364
                    ~~Lilstewart~~
**DEPUTY CLERK**

**Re**.    Loan # 100323682

**Service**:    USPS Certified Return Receipt No. 7007 0220  0001 4913 4288, Notary's
Certificate of Service

Dear L. Denise Steele, et als,

At the request of Jan Marie Schieberl, maker, and Pursuant to U.C.C. §§ 3-501, 3-502, 3-503, 3-505, 1-202, **due presentment** is hereby made of  Request to Liquidate within 72 hours to prevent further harm and copies of all documents issued to Henry M. Paulson on November 26, 2007 consisting of the following:

1.    **Non-Negotiable Bill of Exchange** RB585312376US-JMS

2.    **Non-Negotiable Currency Exchange in Accord with Public Policy**

3.    **Non-Negotiable Chargeback**

4.    **Certificate of Nonperformance** certifying L. Denise Steele's dishonor of Bonded Promissory Note No. 7007022000149134219, by certified mail # 7006 2760 0003 7906 6876 issued by notary public Jeanne Lovelace on or about November 15, 2007

5.    **Certificate of Nonperformance** certifying L. Denise Steele's dishonor of Three Day Good Faith Offer of Immunity 7007 0220 0001 4913 4288 issued by notary public, Jeanne Lovelace, on or about November 26, 2007

6.  **Certificates of Non-performance / Dishonor** Including all documents and sundries attached to Certificate of Service

with the maker's request to initiate a Trustee's investigation to locate missing or misappropriated public funds believed to be in the amount of  Five Million Dollars, ($ 5,000,000.00), no later than three (3) days after receipt of this presentment.  Non-performance will be certified in accord with U.C.C. §§ 3-501, 3-502, 3-503, 3-505, 1-202 for evidentiary purposes.

Thank you, in advance, for your assistance.

WITNESS my hand and official seal

_Lov 26, 2007_    _Jeanne Lovelace_
Date    Jeanne Lovelace, NOTARY PUBLIC
**Void where prohibited by law.**

JEANNE LOVELACE
Commission # 1501163
Notary Public - California
Fresno County
My Comm. Expires Jul 16, 2008

My commission expires:    July 16, 2008

LAMAR COUNTY, GA. SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
MAY - 2 2008        AT  9 :/3¼  M
BPA BOOK        7    PAGES  5½-

Name: **JAN MARIE SCHIEBERL** AKA Jan Marie Schieberl
2440 Millstream Lane, San Ramon [94582] California
Phone: 925-906-9414

_CBkews_

**DEPUTY CLERK**

Certified Mail Receipt#: 7008 0150 0003 7508 5195, 7008,0150 0003 7508 5317

I certify under penalty of perjury
that this is a true, correct and
complete copy of the document
as it was presented to me.

Date:  April 7, 2008

_Jan Marie Schieberl_  4/18/08

Jan Marie Schieberl   Date

**Contact Persons Name: Chief Financial Officer**

c/o   **Avelo Mortgage**
      **250 E. John Carpenter Fwy, Suite 300**
      **Irving, Texas  75062**

**Aegis Wholesale Lending**
**3250 Briar Park, Houston,**
**Houston, TX 77042**

Loan: Avelo Mortgage # 100323682  -  Aegis MIN: 10005300009634479

Borrower Name(s): **JAN MARIE SCHIEBERL** AKA Jan Marie Schieberl
Property Address: **2440 Millstream Lane, San Ramon [94582] California**

      RE:   RESPA QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF
            DEBT & VALIDATION OF DEBT LETTER & TILA REQUEST

Please treat this letter as a "qualified written request" under the Real Estate Settlement
Procedures Act, 12 U.S.C. Section 2605(e).

Dear Sir:

I am writing to you to complain about the accounting and servicing of my mortgage and my need
for understanding and clarification of various charges, credits, debits, transactions, reversals,
actions, payments, analyses and records related to the servicing of my loan from its origination to
the present date.

To date, the documents and information I have, that you have sent me, and the conversations
with your service representatives cannot answer my many questions.

It is my understanding that your company has been accused as engaging in one or more
predatory lending and servicing schemes. As a citizen, I am extremely concerned about such
practices by anyone, let alone my own mortgage company or anyone who has held a beneficial
interest in my loan. I am concerned that such abuses are targeting the uneducated and
uninformed consumer and disadvantaged, poor, elderly and minority Americans.

Needless to say, I am more concerned as a borrower. I am worried that potential fraudulent and
deceptive practices by unscrupulous mortgage brokers; sales and transfers of mortgage servicing

                                             Exhibit "A"
                        1

rights; deceptive and fraudulent servicing practices to enhance balance sheets; deceptive, abusive and fraudulent accounting tricks and practices may have negatively affected my credit rating, mortgage account and/or the debt or payments to which I am legally obligated. Because of this and other reasons that leave me to believe that I may be a victim of predatory lending, I am disputing the validity of the current debt you claim I owe. By debt I am referring to the principal balance claimed owed; my calculated monthly payment, calculated escrow payment and any fees claimed to be owed by you or any trust or entity you may represent.

To independently validate my debt, I need to conduct a complete exam, audit, review and accounting of my mortgage loan from its inception through the present date. Upon receipt of this letter, please refrain from reporting any negative credit information [if any] to any credit-reporting agency until you respond to each of my requests.

I also request that you kindly conduct your own investigation and audit of my account since its inception to validate the debt you currently claim I owe. I would like you to validate this debt so that it is accurate to the penny!

Please do not rely on previous servicers or originators records, assurances or indemnity agreements and refuse to conduct a full audit and investigation of my account.

I understand that potential abuses by you or a previous servicer could have deceptively, wrongfully, unlawfully and/or illegally:

1. Increased the amounts of my monthly payments
2. Increased the principal balance I owe;
3. Increased my escrow payments;
4. Increased the amounts applied and attributed toward interest on my account;
5. Decreased the proper amounts applied and attributed toward principal on my account; and/or
6. Assessed, charged and/or collected fees, expenses and misc. charges I am not legally obligated to pay under my mortgage, note and/or deed of trust.

I want to insure that I have not been the victim of such predatory practices.

To insure this, I have authorized a thorough review, examination, accounting and audit of my mortgage **loan # 100323682** by mortgage auditing and predatory lending experts. This exam and audit will review my mortgage loan file from the date of my initial contact, application and the origination of my loan to the present date written above.

As such, please treat this letter as a Qualified Written Request under the Real Estate Settlement Procedures Act, codified as Title 12 § 2605 (e)(1)(B) (e) and Reg. X § 3500.21 (f)2 of the United States Code as well as a request under Truth In Lending Act [TILA] 15 U.S.C. § 1601, et seq. RESPA provides substantial penalties and fines for non-compliance or failure to answer my questions provided in this letter within sixty (60) days of its receipt!

In order to conduct the examination and audit of my loan, I need

LAMAR COUNTY, AL SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
MAY - 2 2008    AT 9 :/34   M
BPA BOOK  7   PAGES 367

CeRstewer

DEPUTY CLERK

2

disclosure including copies of all pertinent information regarding my loan. The documents requested and answers to my questions are needed by my self and my experts to insure that my loan:

1. Was originated in lawful compliance with all federal and state laws and regulations including, but not limited to RESPA, TILA, Fair Debt Collection Act, HOEPA and other laws;

2. That any sale or transfer of my loan was conducted in accordance with proper laws and was a true sale of my note;

3. That the claimed holder in due course of my promissory note and/or deed of trust is holding such note in compliance with State and Federal laws and is entitled to the benefits of my payments;

4. That all appropriate disclosures of terms, costs, commissions, rebates, kickbacks, fees etc. were properly disclosed to me at the inception of my loan;

5. That each servicer and/or sub-servicer of my mortgage has serviced my mortgage in accordance with the terms of my mortgage, promissory note and/or deed of trust;

6. That each servicer and sub-servicer of my mortgage has serviced my mortgage in compliance with local, state and federal statutes, laws and regulations;

7. That my mortgage loan has properly been credited, debited, adjusted, amortized and charged correctly;

8. That interest and principal have been properly calculated and applied to my loan;

9. That my principal balance has been properly calculated, amortized and accounted for;

10. That no charges, fees or expenses, not obligated by me in any agreement, have been charged, assessed or collected from my account;

In order to validate my debt and audit my account, I need copies of pertinent documents to be provided to me. I also need answers, in writing, to various servicing questions. For each record kept on computer or in any other electronic file or format, please provide a paper copy of all information in each field or record in each computer system, program or database used by you that contains any information on my account number or my name.

As such, please send to me, at my address above, copies of the documents requested below as soon as possible. Please provide me copies of:

1. All data, information, notations, text, figures and information contained in your mortgage servicing and accounting computer systems including, but not limited to Alltel or Fidelity CPI system, or any other similar mortgage servicing softw~~are~~

3

or sub-servicer of my mortgage account from the inception of my loan to the date written above.

2. All descriptions and legends of all Codes used in your mortgage servicing and accounting system so that the examiners, auditors and experts retained to audit and review my mortgage account may properly conduct their work.

3. All assignments, transfers, allonges, or other document evidencing a transfer, sale or assignment of my mortgage, deed of trust, promissory note or other document that secures payment by me to my obligation in this account from the inception of my loan to the present date including any such assignments on MERS.

4. All records, electronic or otherwise, of assignments of my mortgage, promissory note or servicing rights to my mortgage including any such assignments on MERS.

5. All deeds in lieu, modifications to my mortgage, promissory note or deed of trust from the inception of my loan to the present date.

6. The front and back of each and every canceled check, money order, draft, debit or credit notice issued to any servicer of my account for payment of any monthly payment, other payment, escrow charge, fee or expense on my account.

7. All escrow analyses conducted on my account from the inception of my loan until the date of this letter.

8. The front and back of each and every canceled check, draft or debit notice issued for payment of closing costs, fees and expenses listed on my disclosure statement including, but not limited to, appraisal fees, inspection fees, title searches, title insurance fees, credit life insurance premiums, hazard insurance premiums, commissions, attorney fees, points, etc.

9. Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made by others or me on my account.

10. All letters, statements and documents sent to me by your company.

11. All letters, statements and documents sent to me by agents, attorneys or representatives of your company.

12. All letters, statements and documents sent to me by previous servicers, sub-servicers or others in your loan file or in your control or possession or in the control or possession of any affiliate, parent company, agent, sub-servicer, servicer, attorney or other representative of your company.

13. All letters, statements and documents contained in my loan file or imaged by you, any servicer or sub-servicers of my mortgage from the inception of my loan to the present date.

SUPERIOR COURT
LAMAR COUNTY, GA
FILED & RECORDED IN CLERK'S OFFICE
MAY - 2 2008    AT    9:34    M
BPA BOOK _____ 7 _____ PAGES 365

_Cedeceer_ST_
DEPUTY CLERK

4

14. All electronic transfers, assignments, sales of my note, mortgage, deed of trust or other security instrument.

15. All copies of property inspection reports, appraisals, BPOs and reports done on my property.

16. All invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense, which has been charged to my mortgage account from the inception of my loan to the present date.

17. All checks used to pay invoices for each charged such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to my mortgage account from the inception of my loan to the present date.

18. All agreements, contracts and understandings with vendors that have been paid for any charge on my account from the inception of my loan to the present date.

19. All loan servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories, loan histories, accounting records, ledgers, and documents that relate to the accounting of my loan from the inception of my loan until present date.

20. All loan servicing transaction records, ledgers, registers and similar items detailing how my loan has been serviced from the from the inception of my loan until present date.

21. Further, in order to conduct the audit and review of my account, and to determine all proper amounts due, I need the following answers to questions concerning the servicing and accounting of my mortgage account from its inception to the present date. Accordingly, can you please provide me, in writing, the answers to the questions listed below.

## LOAN ACCOUNTING & SERVICING SYSTEMS

1. Please identify for me each loan accounting and servicing system used by you and any sub-servicer or previous servicer from the inception of my loan to the present date so that my experts can decipher the data provided.

2. For each loan accounting and servicing system identified by you and any sub-servicer or previous servicer from the inception of my loan to the present date, please provide the name and address of the company or party that designed and sold the system.

3. For each loan accounting and servicing system used by you and any sub-servicer or previous servicer from the inception of my loan to the present date, please provide the complete transaction code list for each system so that my experts can adequately audit my account.

LAMAR COUNTY, GA. SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
MAY - 2 2008      AT   9:134  M
BPA BOOK_____7_____PAGES__570__

_____
DEPUTY CLERK

**DEBITS & CREDITS**

1. In a spreadsheet form or in letter form in a columnar format, please detail for me each and every credit on my account and the date such credit was posted to my account as well as the date any credit was received.

2. In a spreadsheet form or in letterform in a columnar format, please detail for me each and every debit on my account and the date debit was posted to my account as well as the date any debit was received.

3. For each debit or credit listed, please provide me with the definition for each corresponding transaction code you utilize?

4. For each transaction code, please provide us with the master transaction code list used by you or any previous servicers.

**MORTGAGE & ASSIGNMENTS**

1. Has each sale, transfer or assignment of my mortgage, promissory note, deed of trust or any other instrument I executed to secure my debt been recorded in the county property records in the county and state in which my property is located from the inception of my loan to the present date? Yes or No?

2. If not, why?

3. Is your company the servicer of my mortgage loan or the holder in due course and beneficial owner of my mortgage, promissory note and/or deed of trust?

4. Have any sales, transfers or assignments of my mortgage, promissory note, deed of trust or any other instrument I executed to secure my debt been recorded in any electronic fashion such as MERS or other internal or external recording system from the inception of my loan to the present date? Yes or No?

5. If yes, please detail for me the names of each seller, purchaser, assignor, assignee or any holder in due course to any right or obligation of any note, mortgage, deed or security instrument I executed securing the obligation on my account that was not recorded in the county records where my property is located whether they be mortgage servicing rights or the beneficial interest in my principal and interest payments.

**ATTORNEY FEES**

1. For purposes of my questions below dealing with attorney fees, please consider the terms attorney fees and legal fees to be one in the same.

LAMAR COUNTY, GA, SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
MAY - 2 2008    AT 9:34 M
BPA BOOK_____7_____PAGES 371

_signature_

DEPUTY CLERK

2. Have attorney fees ever been assessed to my account from the inception of my loan to the present date?

3. If yes, please detail each separate assessment, charge and collection of attorney fees to my account from the inception of my loan to the present date and the date of such assessment to my account?

4. Have attorney fees ever been charged to my account from the inception of my loan to the present date?

5. If yes, please detail each separate charge of attorney fees to my account from the inception of my loan to the present date and the date of such charge to my account?

6. Have attorney fees ever been collected from my account from the inception of my loan to the present date?

7. If yes, please detail each separate collection of attorney fees from my account from the inception of my loan to the present date and the date of such collection from my account?

8. Please provide for me the name and address of each attorney or law firm that has been paid any fees or expenses related to my account from the inception of my loan to the present date?

9. Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed authorized the assessment, charge or collection of attorney fees?

10. Please detail and list for me in writing each separate attorney fee assessed to my account and for which corresponding payment period or month such fee was assessed from the inception of my loan to present date.

11. Please detail and list for me in writing each separate attorney fee collected from my account and for which corresponding payment period or month such fee was collected from the inception of my loan to present date.

12. Please detail and list for me in writing any adjustments in attorney fees assessed and on what date such adjustment was made and the reasons for such adjustment.

13. Please detail and list for me, in writing any adjustments in attorney fees collected and on what date such adjustment were made and the reasons for such adjustment.

14. Has interest been charged on any attorney fee assessed or charged to my account? Yes or No?

LAMAR COUNTY, GA. SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
MAY - 2 2008   AT 9:13A M
BPA BOOK_____7_____PAGES 372

DEPUTY CLERK

15. Is, interest allowed to be assessed or charged on attorney fees charged or assessed to my account? Yes or No?

16. How much in total attorney fees have been assessed to my account from the inception of my loan until present date? $_____

17. How much in total attorney fees have been collected on my account from the inception of my loan until present date? $_____

18. How much in total attorney fees have been charged to my account from the inception of my loan until present date? $_____

19. Please send to me copies of all invoices and detailed billing statements from any law firm or attorney that has billed such fees that have been assessed or collected from my account.

**SUSPENSE/UNAPPLIED ACCOUNTS**

For purposes of this section please treat the term suspense account and unapplied account as one in the same.

1. Has there been any suspense or unapplied account transactions on my account from the inception of my loan until present date?

2. If yes, please explain the reason for each and every suspense transaction that occurred on my account? If no, please skip the questions in this section dealing with suspense and unapplied accounts.

3. In a spreadsheet or in letter form in a columnar format, please detail for me each and every suspense or unapplied transaction, both debits and credits that has occurred on my account from the inception of my loan until present date?

**LATE FEES**

1. For purposes of my questions below dealing with late fees, please consider the terms late fees and late charges to be one in the same.

2. Have you reported the collection of late fees on my account as interest in any statement to me or to the IRS? Yes or No?

3. Has any previous servicer or sub-servicer of my mortgage reported the collection of late fees on my account as interest in any statement to me or to the IRS? Yes or No?

4. Do you consider the payment of late fees as liquidated damages to you for not receiving my payment on time? Yes or No?

LAMAR COUNTY, GA. SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
MAY - 2 2008    AT   9:34   M
BPA BOOK_____7_____PAGES_373___
                 _UBdrewst_
DEPUTY CLERK _____

5.  Are late fees considered interest? Yes or No?

6.  Please detail for me in writing what expenses and damages you incurred for any payment I made that was late.

7.  Were any of these expenses or damages charged or assessed to my account in any other way? Yes or No?

8.  If yes, please describe what expenses or charges were charged or assessed to my account?

9.  Please describe for me in writing what expenses you or others undertook due to any payment I made, which was late?

10. Please describe for me in writing what damages you or others undertook due to any payment I made, which was late?

11. Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed authorized the assessment or collection of late fees?

12. Please detail and list for me in writing each separate late fee assessed to my account and for which corresponding payment period or month such late fee was assessed from the inception of my loan to present date.

13. Please detail and list for me in writing each separate late fee collected from my account and for which corresponding payment period or month such late fee was collected from the inception of my loan to present date.

14. Please detail and list for me in writing any adjustments in late fees assessed and on what date such adjustment was made and the reasons for such adjustment.

15. Please detail and list for me in writing any adjustments in late fees collected and on what date such adjustment was made and the reasons for such adjustment.

16. Has interest been charged on any late fee assessed or charged to my account? Yes or No?

17. Is, interest allowed to be assessed or charged on late fees charged or assessed to my account? Yes or No?

18. Have any late charges been assessed to my account? Yes or No?

19. If yes, how much in total late charges have been assessed to my account from the inception of my loan until present date? $_____

LAMAR COUNTY, GA, SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
MAY - 2 2008    AT 9:13 A M
BPA BOOK____7____PAGES 374

_Rebecca_
DEPUTY CLERK

20. Please provide me with the exact months or payment dates you or other previous servicers of my account claim I have been late with a payment from the inception of my loan to the present date.

21. Have late charges been collected on my account from the inception of my loan until present date? Yes or No?

22. If yes, how much in total late charges have been collected on my account from the inception of my loan until present date? $_____

## PROPERTY INSPECTIONS

1. For purposes of this section property inspection and inspection fee refer to any inspection of my property by any source and any related fee or expense charged, assessed or collected for such inspection.

2. Have any property inspections been conducted on my property from the inception of my loan until the present date?

3. If your answer is no, you can skip the rest of these questions in this section concerning property inspections?

4. If yes, please tell me the date of each property inspection conducted on my property that is the secured interest for my mortgage, deed or note?

5. Please tell me the price charged for each property inspection?

6. Please tell me the date of each property inspection?

7. Please tell me the name and address of each company and person who conducted each property inspection on my property?

8. Please tell me why property inspections were conducted on my property?

9. Please tell me how property inspections are beneficial to me.

10. Please tell me how property inspections are protective of my property.

11. Please explain to me your policy on property inspections.

12. Do you consider the payment of inspection fees as a cost of collection? Yes or No?

13. If yes, why?

14. Do you use property inspections to collect debts? Yes or No?

LAMAR COUNTY, GA. SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
MAY -2 2008    AT  9:13  M
BPA BOOK_____7_____ PAGES_375_
_____
DEPUTY CLERK

10

15. Have you used any portion of the property inspection process on my property to collect a debt or inform me of a debt, payment or obligation I owe?

16. If yes, please answer when and why?

17. Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment or collection of property inspection fees?

18. Have you labeled in any record or document sent to me a property inspection as a misc. advance? Yes or No?

19. If yes, why?

20. Have you labeled in any record or document sent to me a property inspection as a legal fee or attorney fee? Yes or No?

21. If yes, why?

22. Please detail and list for me in writing each separate inspection fee assessed to my account and for which corresponding payment period or month such fee was assessed from the inception of my loan to present date.

23. Please detail and list for me in writing each separate inspection fee collected from my account and for which corresponding payment period or month such fee was collected from the inception of my loan to present date.

24. Please detail and list for me in writing any adjustments in inspection fees assessed and on what date such adjustment was made and the reasons for such adjustment.

25. Please detail and list for me in writing any adjustments in inspection fees collected and on what date such adjustment was made and the reasons for such adjustment.

26. Has interest been charged on any inspection fees assessed or charged to my account? Yes or No?

27. If yes, when and how much was charged?

28. Is, interest allowed to be assessed or charged on inspection fees charged or assessed to my account? Yes or No?

29. How much in total inspection fees have been assessed to my account from the inception of my loan until present date? $_____

30. How much in total inspection fees have been collected on my account from the inception of my loan until present date? $_____

11

LAMAR COUNTY, GA, SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
MAY - 2 2008   AT  9:34  M
BPA BOOK ___7___ PAGES _376_
_Cathee 1988_
DEPUTY CLERK _____

31. Please forward to me copies of all property inspections made on my property in my mortgage loan file.

32. Has any fee charged or assessed for property inspections been placed into my escrow account? Yes or no?

## BPO FEES

1. Have any BPOs [Broker Price Opinions] been conducted on my property?

2. If yes, please tell me the date of each BPO conducted on my property that is the secured interest for my mortgage, deed or note?

3. Please tell me the price of each BPO?

4. Please tell me who conducted each BPO?

5. Please tell me why BPOs were conducted on my property.

6. Please tell me how BPOs are beneficial to me.

7. Please tell me how BPOs are protective of my property.

8. Please explain to me your policy on BPOs.

9. Have any BPO fees been assessed to my account? Yes or No?

10. If yes, how much in total BPO fees have been assessed to my account? $_____

11. Have any BPO fees been charged to my account? Yes or No?

12. If yes, how much in total BPO fees have been charged to my account? $_____

13. Please tell me specifically what clause, paragraph and sentence in my note, mortgage or deed of trust or any agreement I have executed allows you to assess, charge or collect a BPO fee from me.

14. Please send to me copies of all BPO reports that have been done on my property.

15. Has any fee charged or assessed for A BPO been placed into my escrow account? Yes or No?

## FORCED-PLACED INSURANCE

1. Have you placed or ordered any forced-placed insurance polices on my property?

LAMAR COUNTY, GA. SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
MAY - 2 2008    AT    9:34    M
BPA BOOK____7____PAGES 577
_____
_____ CLERK

2. If yes, please tell me the date of each policy ordered or placed on my property that is the secured interest for my mortgage, deed or note?

3. Please tell me the price of each policy?

4. Please tell me the agent for each policy?

5. Please tell me why each policy was placed on my property.

6. Please tell me how the policies are beneficial to me.

7. Please tell me how policies are protective of my property.

8. Please explain to me your policy on forced-placed insurance.

9. Have any forced-placed insurance fees been assessed to my mortgage or escrow account? Yes or No?

10. If yes, how much in total forced-placed policy fees have been assessed to my account? $_____

11. Have any forced-placed insurance fees been charged to my mortgage or escrow account? Yes or No?

12. If yes, how much in total forced-placed insurance fees have been charged to my mortgage or escrow account? $_____

13. Please tell me specifically what clause, paragraph and sentence in my note, mortgage or deed of trust or any agreement I have executed allows you to assess, charge or collect forced-placed insurance fees from me.

14. Do you have any relationship with the agent or agency that placed any policies on my property? If yes, please describe.

15. Do you have any relationship with the carrier that issued any policies on my property? If yes, please describe.

16. Has the agency or carrier you used to place a forced-placed insurance policy on my property provided you any service, computer system, discount on policies, commissions, rebates or any form of consideration? If yes, please describe.

17. Do you maintain a blanket insurance policy to protect your properties when customer policies have expired?

13

LAMAR COUNTY, GA. SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
MAY - 2 2008          AT   9:13   M
BPA BOOK_____       PAGES_____

_____
DEPUTY CLERK

18. Please send to me copies of all forced-placed insurance policies that have been ordered on my property.

## SERVICING RELATED QUESTIONS

For each of the following questions listed below, please provide me with a detailed explanation in writing that answers each question. In addition, I need the following answers to questions concerning the servicing of my mortgage account from its inception to the present date.

Accordingly, please provide to me, in writing, the answers to the questions listed below:

1. Did the originator or previous servicer of my loan have any financing agreements or contracts with your company or an affiliate of your company?

2. Did the originator of my loan or previous servicer of my loan have a warehouse loan agreement or contract with your company?

3. Did the originator of my loan or previous servicer of my loan receive any compensation, fee, commission, payment, rebate or other financial consideration from your company or any affiliate of your company for handling, processing, originating or administering my loan? If yes, please describe and itemize each and every form of compensation, fee, commission, payment, rebate or other financial consideration paid to the originator of my loan by your company or any affiliate.

4. Please identify for me where the originals of my entire loan file are currently located and how they are being stored, kept and protected?

5. Where is the original promissory note or mortgage I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

6. Where is the original deed of trust or mortgage and note I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

7. Since the inception of my loan, has there been any assignment of my promissory note or mortgage to any other party? If the answer is yes, would you kindly identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment?

8. Since the inception of my loan, has there been any assignment of my deed of trust or mortgage and note to any other party? If the answer is yes, would you kindly identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment?

9. Since the inception of my loan, has there been any sale or assignment of servicing rights to my mortgage loan to any other party? If the answer is yes, would you kindly identify

LAMAR COUNTY, GA. SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICI
MAY - 2 2008 AT 9:34 A
BPA BOOK_____7_____PAGES 375

_Bstewart_

DEPUTY CLERK

14

the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment or sale.

10. Since the inception of my loan, has any sub-servicer serviced any portion of my mortgage loan? If the answer is yes, would you kindly identify the names and addresses of each and every individual, party, bank, trust or entity that has sub-serviced my mortgage loan.

11. Has my mortgage loan been made a part of any mortgage pool since the inception of my loan? If yes, please identify for me each and every loan mortgage pool that my mortgage has been a part of from the inception of my loan to the present date.

12. Has each and every assignment of my mortgage or promissory note been recorded in the county land records where the property associated with my mortgage loan is located?

13. Has there been any electronic assignment of my mortgage with MERS [Mortgage Electronic Registration System] or any other computer mortgage registry service or computer program? If yes, please identify the name and address of each and every individual, entity, party, bank, trust or organization or servicer that has been assigned the mortgage servicing rights to my loan as well as the beneficial interest to the payments of principal and interest on my loan.

14. Have there been any investors [as defined in your industry] who have participated in any mortgage-backed security, collateral mortgage obligation or other mortgage security instrument that my mortgage loan has ever been a part of from the inception of my mortgage to the present date? If yes, please identify the name and address of each and every individual, entity, organization and/or trust.

15. Please identify for me the parties and their addresses to all sales contracts, servicing agreements, assignments, allonges, transfers, indemnification agreements, recourse agreements and any agreement related to my loan from its inception to the current date written above.

16. Please provide me with copies of all sales contracts, servicing agreements, assignments, allonges, transfers, indemnification agreements, recourse agreements and any agreement related to my loan from its inception to the current date written above.

17. How much was paid for my individual mortgage loan by you?

18. If part of a mortgage pool, what was the principal balance used by you to determine payment for my individual mortgage loan.

19. If part of a mortgage pool, what was the percentage paid by you of the principal balance above used to determine purchase of my individual mortgage loan.

20. Who did you issue a check or payment to for my mortgage loan?

LAMAR COUNTY, GA. SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
MAY - 2 2008    AT  9:34  M
BPA BOOK ___7___ PAGES 585

_CoBrewer_

DEPUTY CLERK

15

21. Please provide me copies with the front and back of canceled check.

22. Did any investor approve the foreclosure of my property?

23. Please identify all individuals and investors who approved the foreclosure of my property!

Please provide me, with the documents I have requested and a detailed answer to each of my questions within the required lawful time frame. Upon receipt of the documents and answers, an exam and audit will be conducted that may lead to a further document request and answers to questions under an additional QWR letter.

Copies of this Qualified Written Request, Validation of Debt, TILA and request for accounting and legal records, Dispute of Debt letter are being sent to FTC, HUD, all relevant state and federal regulators; and other consumer advocates; and my congressman.

It is my hope that you can answer my questions, document and validate my debt to the penny and correct any abuses or schemes uncovered and documented.

Sincerely,

JAN MARIE SCHIEBERL

cc:

Federal Trade Commission
600 Pennsylvania Avenue NW,
Washington, DC. 20580

Fannie Mae
1000 Brickell Avenue
Suite 600
Miami, Florida 33131

Office of RESPA and Interstate Land Sales
Office of Housing, Room 9146
US Department of Housing and Urban Development
451 Seventh Street, SW
Washington, DC 20410

16

LAMAR COUNTY, GA. SUPERIOR COURT
FILED & RECORDED IN CLERK'S OFFICE
MAY - 2 2008    AT  9:13A  M
BPA BOOK_____    PAGES_____

DEPUTY CLERK

**℀JS 44** (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

JAN SCHIEBERL

## DEFENDANTS

AVELO MORTGAGE, LLC., NORTHWEST TRUSTEE SERVICES, INC. , CITIMORTGAGE

**(b)** County of Residence of First Listed Plaintiff  Contra Costa
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  un known
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Jan Schieberl
2440 Millstream Lane
San Ramon, CA 94582
925-906-9414

Attorneys (If Known)

Jackson & Associates
4199 Campus Dr., Ste 700,
Irvine, CA
949-854-2244

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury— Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R. R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☒ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1331, 28 USC 1367, 12 USCA 2605
Brief description of cause:
Declaratory relief, statutory vioations and damages injunction

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ > $20,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".  none

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND          ☐ SAN JOSE

DATE
7/09/2008

SIGNATURE OF ATTORNEY OF RECORD
Jan Schieberl

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:          U.S. Civil Statute: 47 USC 553
                                                    Brief Description: Unauthorized reception of cable service

**VII.     Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.     Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.