Jan Schieberl
c/o 2240 Millstream Lane
San Ramon, CA
Phone, 925-906-9414

Plaintiff Jan Schieberl

FILED
2008 JUL -9 PM 2:58
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing ADR

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

C08-03321 BZ

JAN SCHIEBERL
Plaintiff,
vs.
AVELO MORTGAGE, LLC,
CITIMORTGAGE
NORTHWEST TRUSTEE SERVICES
Defendants,

CASE NO.

PLAINTIFF JAN SCHIEBERL ' EX PARTE APPLICATION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER TO STAY PENDING UNLAWFUL DETAINER EVICTION; MEMORANDUM OF POINTS AND AUTHORITIES. DECLARATION OF JAN SCHIEBERL; PROPOSED ORDER.

NO HEARING DATE:

## EX PARTE APPLICATION

Plaintiff JAN SCHIEBERL ("Schieberl") hereby makes this ex parte application to move this Honorable Court Ex Parte for a Temporary Restraining Order enjoining and restraining the named defendants from evicting Schieberl from the subject Property at 2440 Millstream Lane, San Ramon, California after unlawful foreclosure sale on April 21, 2008 resulted in a commercial "no sale" and defendants filed wrongful unlawful detainer eviction

action on May 16, 2008. Plaintiff requests an ex parte stay order from this Court to stay wrongful unlawful detainer eviction action dated May 16, 2008 until an further order of this court due to lack of jurisdiction and wrongful refusal of tender, until a declaratory judgment can be obtained that would declare the trustee rights invalid or in the alternative, to hear an order to show cause.

Plaintiff will suffer irreparable injury if the eviction is not enjoined until plaintiff has a fair and adequate opportunity to have her claims heard. Plaintiff has lawful right to her property and it is clear that a fraud was perpetrated on her based on the loan documents dated June 16, 2006. Simply put, the defendants have no standing to proceed against plaintiff in foreclosure by their conduct in failure to provide validation and verification of the alleged debt documents and waiver of the notary presentment. Further there was "no sale" to a person at the foreclosure sale. In commercial law this does not constitute a sale. They are falsely recording a change of title as if a true sale had occurred.

In addition, Plaintiff may well have the right to compensation from defendants for their fraudulent conduct and commercial injury in excess of $20,000,000.00 plus penalty of $5,000. Also, Plaintiff has tendered full payment in kind three times to defendants to no avail. When Plaintiff tendered payment to the lender, Defendants failed to return receipt zeroing the account to the plaintiff. Further, it is likely that plaintiff will prevail on her claims.

In an abundance of caution and based upon legal and equitable considerations, this Court should enter a Preliminary Temporary Restraining Order to enjoin the eviction and allow Plaintiff and Defendants to set forth their respective claims.

This motion is filed on an emergency basis in that if the eviction goes forward, that Plaintiff will lose the subject property, possession of the property and all of her equity in the property even if her claims are meritorious. Plaintiff requests that the Court grant a Preliminary Temporary Restraining Order without bond, as Plaintiff is unable to provide a bond of any kind or type.

When the potential harm to Plaintiff is balanced against the rights of the defendants, greater injury will be inflicted upon plaintiff in the loss of her home than upon defendants.

The public interest will be served by allowing Plaintiff to remain in her home, preventing her from becoming homeless.

Plaintiff has attempted to give notice of these proceedings and this request for a temporary restraining Order as evidenced by the certificate of service which accompanies this request.

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.

## STANDARD FOR INJUNCTIVE RELIEF

It is well settled that the standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction which is applicable to this request for a stay of eviction pending appeal. The propriety of a stay like a preliminary injunctive relief requires consideration of three factors: 1) the likelihood of the defendant's success on the merits; 2) the threat of irreparable harm to the defendant if the injunctive stay is not imposed; and 3) the relative balance of potential hardships to the parties.

These three factors are incorporated into a test under which the moving party must meet its burden by demonstrating either: 1) a combination of probable success on the merits and the possibility of irreparable injury, or 2) that serious questions are raised and the balance of hardships tips sharply in her favor.

**TRO Initial Requirements.** The initial requirement for the issuance of a TRO is that the moving party must demonstrate what the courts have always labeled the fundamental requirements that he is suffering from irreparable injury and the inadequacy of legal remedy. See Weinberger v Romero-Barcedo 456 US 305, 312, 102 S.Ct 1978 (1982).

Here, the item in question is real property, in fact, the Plaintiffs home. This is one of those items, which by definition, is configured unique and something for which no amount of monetary damages will compensate. In short, by definition Plaintiff will suffer irreparable harm in the loss of their home and that loss will be something which she cannot be compensated for, the essence of the requirements in equity.

**Preliminary Injunction**. In determining whether to issue a stay of execution like a preliminary injunction, the trial court considers two factors: (1) the likelihood that the defendant will prevail on the merits of its case at trial, and (2) the interim harm that the defendant is likely to sustain if the stay/injunction is denied as compared to the harm that the plaintiff is likely to suffer if the court grants a stay/preliminary injunction. 14859 Moorpark Homeowner's Assn. v. VRT Corp. (1998) 63 Cal.App.4th 1396. 1402; Pillsbury, Madison & Sutro v. Schectman (1997) 55 Cal.App.4th 1279, 1283 [Rev. Den. 10/1/97]; Davenport v. Blue Cross of California (1997) 52 Cal.App.4th 435, 446; Abrams v. St. Johns Hospital (1994) 25 Cal.App.4th 628, 636.

**Criteria for Granting Relief**. Traditionally the criteria for granting relief is (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to moving party if the requested relief is not granted, (3) a balance of hardships favoring the moving party, and (4) the advancement of the public interest. These principles are followed in state and federal cases. Alternatively, the federal courts have held that relief may be granted on a lesser showing of probable success. "If the harm that may occur to the ...is sufficiently serious, it is only necessary that there be a fair chance of success on the merits." [emphasis added] William Inglis & Sons Baking Co. v. ITT Continental Baking Co. 526 F.2d 86, 88 (9th Cir. 1975).

The burden may be met by demonstrating either "a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in its favor." Wright v. Rushen, 642 F.2d 1129, 1132 (9thCir. 1981); see Sonoran 408 F. 3d at 1120 (explaining that "these two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. They are ...outer reaches of a single continuum." (citations omitted)); Johnson v. Cal. State Bd. Of Accountancy, 72 F.3d at 1430; Sports Form, Inc. v. United Press Int'l. Inc., 686 F.2d 751, 752 (9th Cir. 1982); Benda v. Grand Lodge of the Int'l Assoc. of Machinists & Aerospace Workers. 584 F.2d at 314.

Moreover, the stay relief requested herein can be granted ex parte to serve the underlying purpose of preserving the status quo and preventing irreparable harm. This relief is particularly appropriate when it is the sole method of preserving a state of affairs in which the court can provide effective final relief.

The purpose of a stay pending appeal like the preliminary injunction is to preserve the status quo pending final resolution upon a trial or completion of the appeal. See Scaringe v. J.C.C. Enterprises, Inc. (1988) 205 Cal.App.3d 1536. Grothe v. Cortlandt Corp. (1992) 11 Cal.App.4th 1313, 1316; Major v. Miraverde Homeowners Assn. (1992) 7 Cal.App.4th 618, 623.

The status quo has been defined to mean the last actual peaceable, uncontested status which preceded the pending controversy. Voorhies v. Greene (1983) 139 Cal.App.3d 989, 995, quoting United Railroads v. Superior Court (1916) 172 Cal. 80, 87. 14859 Moorpark Homeowner's Assn. v. VRT Corp. (1998) 63 Cal.App.4th 1396. 1402.

The determination whether to grant a stay/preliminary injunction generally rests in the sound discretion of the trial court. Abrams v. St. Johns Hospital (1994) 25 Cal.App.4th 628, 636; 14859 Moorpark Homeowner's Assn. v. VRT Corp. (1998) 63 Cal.App.4th 1396. 1402. Normally, the trial court must determine whether defendants would suffer greater harm from issuance of the preliminary injunction /stay than the plaintiffs would suffer from its refusal. Thornton v. Carlson (1992) 4 Cal.App.4th 1249, 1255. To obtain a preliminary injunction, the moving party must establish that the opposing party should be restrained from the challenged activity pending trial or in the instant pending appeal . See IT Corp. v. County of Imperial (1983) 35 Cal.3d 63. Bank of Stockton v. Church of Soldiers (1996) 44 Cal.App.4th 1623, 1625. The public needs to know and has a right to be warned about the lenders' business practices and activities including the lack of accounting for tender and demand for double payment and failure to correct any known related contractual, disclosure and fiduciary issues. The facts herein raise a dispute of title and declaratory relief is needed.

**Scope of Injunctive Relief**. The general rule (apart from constitutional considerations), is that injunctive relief should be no more burdensome to the opposing party than necessary to provide complete relief to the moving party. Madsen v. Women's Health Center, Inc., 512 U.S. 753 at pp. 765; San Diego Unified Port Dist. v. U.S. Citizens Patrol (1998) 63 Cal.App.4th 964, 971.

**Posted Security**. A stay like a preliminary injunction ordinarily cannot take effect unless and until the party applying for it provides an undertaking to the effect that the applicant will pay to the party enjoined such damages as the party may sustain by reason of the injunction, if the court finally decides that the applicant was not entitled to the injunction

[see § 529(a)]. City of South San Francisco v. Cypress Lawn Cemetery Assn. (1992) 11 Cal.App.4th 916, 920.

Given the current real estate market a temporary restraining order will do defendants virtually no damage. Further the tender of payment was not credited to plaintiff's account, and continues to be held in their possession.

**Interim Harm**. In evaluating interim harm, the trial court compares the injury to the requesting party in the absence of an injunction (stay in this matter) to the injury the opposing party is likely to suffer if an injunction is issued. Shoemaker v. County of Los Angeles (1995) 37 Cal.App.4th 618, 633. The factor of interim harm involves consideration of such things as the inadequacy of other remedies, the degree of irreparable harm, and the necessity of preserving the status quo. Abrams v. St. John's Hospital & Health Center (1994) 25 Cal.App.4th 628, 636; 14859 Moorpark Homeowner's Assn. v. VRT Corp. (1998) 63 Cal.App.4th 1396. 1402.

**2.**

**LEGAL ARGUMENT**

**PRELIMINARY CONSIDERATIONS**

**Relief Sought.** The general rule is that a Temporary Restraining Order ("TRO") or a preliminary injunction is for the purpose of preserving the status quo, that is the condition at the time of filing, until there can be an adjudication on the merits. As what appears to be the essential case on the issue, but Supreme Court has held "the sole purpose [of the TRO] is to preserve the status quo pending hearing on the moving party's application for a preliminary injunction". *Granny Goose Foods v. Brotherhood of Teamsters et al* 415 US 423, 439, 94S.Ct. 113 (1974). Thus the only relief sought here is the issuance of the TRO.

**NOTICE** Unlike a request for a TRO, an application or motion for a Preliminary Injunction requires notice to the opposing party or parties. The rules are clear that a TRO can issue *ex parte* that is without notice. As can be seen from the appended declaration and certificate, notice is given by the moving party here who served notice of an emergency hearing or at least attempted to do so at the same time as the complaint was served.

**JURISDICTION**

**SUBJECT MATTER JURISDICTION.** The first step in obtaining injunctive relief of any sort is that the moving party must demonstrate that the court has subject matter jurisdiction that must be affirmatively pled.

The complaint which is simultaneously filed states the Federal Court jurisdiction is predicated upon federal questions including violations of various federal codes thus giving this court jurisdiction. Plaintiff's complaint also alleges violation of the Fair Debt Collection Practices Act both in its federal and state forms. Thus, for purposes of a TRO sufficient jurisdiction has been pled.

**PERSONAL JURISDICTION.** A second test concerning issuance of a TRO is a demonstration of personal jurisdiction over the parties. The simultaneously filed complaint clearly indicates the personal jurisdiction exists over each of the defendants.

**STANDING.** The requirement of standing prevents someone from bringing action based upon someone else's rights. One must show direct and concrete or eminent injury to oneself. *Lujan* v.*Defenders of Wildlife* 504 US 555, 560, 112 S.Ct 2130 (1992). Plaintiff clearly demonstrates that irreparable harm threatens her home.

**EQUITABLE JURISDICTION** Not only must the other jurisdictional requirements be met but the court must have equitable jurisdiction. While courts of equity (Chancery) were

once separate, the joinder of both functions unless the Congress has specifically excluded such equitable jurisdiction is implied. "Absent the clearest command to the contrary from Congress, Federal Courts retain equitable power to issue injunctions over any suit over which they have jurisdiction." *CalafanovYamasaki* 442 US 682, 705, 99 S.Ct 2545 (1979). See also *US v Oakland Cannabis Buyers Coop* 532 US. 483, 495, 112 S.Ct 1711 (2001).

Here, there is no question that this court has jurisdiction to grant the relief requested. The only issue is whether the court in its discretion deems the relief appropriate

**3.**

**DISCUSSION**

**A. PLAINTIFF IS LIKELY TO PREVAIL ON THE MERITS**

A preliminary injunction/stay is appropriate where a plaintiff is likely to prevail at trial or appeal and failure to provide interim relief will cause irreparable harm. Barajas v. City of Anaheim (1993) 15 Cal.App.4th 1808, 1813.

Because the standards for obtaining injunctive relief or stay of eviction and prevailing against statutory and constitutional rights are distinct, the court's entry of a stay against defendants 'eviction activities and refusing to allow the eviction activities pending determination of the issues presented in the simultaneously filed complaint must be granted. This court must stay any enforcement of the wrongful unlawful detainer state judgment which proceeded on hearsay and false evidence to prevent irreparable harm to plaintiff and maintain the status quo.

**LIKELIHOOD OF SUCCESS.** The test for issuance of the relief sought here is difficult to evaluate, because from the outset the likelihood of success is viewed from the perspective of the time at which the request is filed. Certainty is not required, thus, plaintiff

is not required to show positively that she will prevail on the merits. A reasonable probability is sufficient See *Glider v PGA Tour Inc*. 936 F. 2nd 417, 422 (9 Cir 1991).

Various courts have used various tests for this rule that the Ninth Circuit however has set forth a test which is formulated in the alternative. That is a Plaintiff may meet his burden by showing "either a combination of probable success on the merits and the possibility of irreparable injury; or serious questions as to these matters and the balance of hardships tips sharply in the Plaintiffs favor" *Department of Parks & Rec for the State of California v. Bazaar Del Mundo Inc.* 448 F. 3rd 1118,1123 (9h Cir 2006).

The court continued to note that the two "formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases"id at pg 1123-1124. The Circuit Court, has also noted that where there are "serious questions" that is questions that involve a fair chance of success on the merits that cannot be resolved by the one way or the other at the hearing on the injunction "and they as to which the court perceives the need to preserve the status quo lest one side prevent resolution of the question or execution of any judgment by altering the status quo" *Republic of the Philippines v Marcos* 862 F. 2nd 1355, 1362 (9 Cir 1988).[In this case, the issue was whether the Defendant a former President of the Philippines would make it impossible for the Republic to recover its treasury.]

Here, the Plaintiff has demonstrated the existence of that reasonable likelihood of success with regard to very serious questions. Like the case decided by Judge Whelan a little over a month ago, *Lyndon v. Countrywide Home Loans* (Docket number 08 - CV-0837) May 13, 2008, Plaintiff here both filed suit and sought relief after all other remedies failed after the commercial occurrence of the "no sale". Before the foreclosure sale Plaintiff actively

attempted to obtain information so as to determine whether the sale was lawful. These efforts, clearly demonstrate violations of both the Federal and State Fair Debt Collection Practices Act. Plaintiff submitted exhibits to the complaint that are sufficient and demonstrate a sufficient likelihood of success. When given the extraordinarily serious loss of plaintiff's home which will take place if the TRO does not issue, the court must enter the stay order as requested.

For all of these reasons it is respectfully requested the Plaintiff's request be granted and that a temporary restraining order issue restraining all Defendants from taking any action negatively affecting Plaintiff's rights to the property.

**B. PLAINTIFF HAS AN INADEQUATE REMEDY AT LAW.**

**Adequacy of Remedy at Law**. A party seeking injunctive relief must show the absence of an adequate remedy at law. Department of Fish & Game v. Anderson-Cottonwood Irrigation Dist. (1992) 8 Cal.App.4th 1554, 1565. The idea "inadequacy of the legal remedy" or "inadequacy of damages" dates from the time of the early courts of chancery, the idea being that an injunction is an unusual or extraordinary equitable remedy which will not be granted if the remedy at law (usually damages) will adequately compensate the injured plaintiff. Department of Fish & Game v. Anderson-Cottonwood Irrigation Dist. (1992) 8 Cal.App.4th 1554, 1565. This also applies to a stay of sheriff eviction and damages to plaintiff's credibility and credit standing and the emergency pending the loss of her home.

California statutes cover this inadequacy in terms of "when pecuniary compensation would not afford adequate relief" [CCP § 526(a)(4); CC § 3422(1)], and "where it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief" [CCP § 526(a)(5); CC § 3422(2)]. Department of Fish & Game v. Anderson-

Cottonwood Irrigation Dist. (1992) 8 Cal.App.4th 1554, 1565. Plaintiff has no other venue to get the message to the members of the public most likely to be harmed by wrongful lender tactics and failure to credit her tender three times. The case facts support the contention that plaintiff is likely to prevail on the merits. The law provides an inadequate remedy for the plaintiff. Any one of these is sufficient for the court to grant the emergency ex parte motion, all of them overwhelm and urge that this request for a stay of eviction must be granted.

**C. COMPELLING PUBLIC POLICY CONSIDERATIONS SUPPORT AN INTERPRETATION THAT DEFENDS THE PUBLIC'S RIGHT TO CONTRACTUAL TENDER FOR CONTRACTUAL OBLIGATIONS AND PROPER ACCOUNTING.**

Irreparable injury. "The term 'irreparable injury' means that species of damages, whether great or small, that ought not to be submitted to, on the one hand, or inflicted on the other." Wind v. Herbert (1960) 186 Cal.App.2d 276. The injunctive power of the court is warranted against a wrong which a trial judge deems insufferable because it constitutes an "overbearing assumption by one person of superiority and domination over the rights and property of others." Fretz v. Burke, 247 Cal.App.2d 741.

The balance of hardships clearly favors plaintiff who stands to lose her home before the Court can fully decide the issues. Any harm to the lenders can be compensated with a damage award. Plaintiff stands to lose her home, her creditability, and her credit standing. This harm is irreparable; money damages cannot compensate plaintiff for the loss of her primary residence and her loss of personal reputation. Moreover, the public interests weighs in favor of allowing plaintiff to maintain her home, particularly in light of the serious questions of the propriety of the predatory lender tactics.. The public policy should not

reward lenders seeking obscene profits. and ignore support of plaintiff's activities and courage to protest the lenders' injustice. .

**BALANCING** In general, the court is also obligated to balance the competing claims of the parties and the effect on each of them to balance the issuance of injunctive relief as against the harm of not issuing the injunction. In addition, it appears the Judge should give at least some weight to any public interest which might be involved. See *Dogloo v. Doshocil Manufacturing Industries* 875 F. Supp. 911, 919 (CD Ca 1995). Generally stated the rule is that there must be a substantial threat of irreparable harm to the Plaintiff, that injury must outweigh any potential harm to Defendants and there is no substantial risk to public interest. Here, what the Plaintiff stands to lose is her family home, not only just the most important investment any person ever makes but also the place where one has chosen to make his life, to build his future, a place which by definition the law has ruled not replaceable by mere money. As to the Defendants here, issuing a Temporary Restraining Order, particularly given the current real estate market will do them essentially no damage at all. In fact it is extraordinarily common that foreclosure sales are postponed without court intervention, something that the plaintiff attempted here. Plaintiff justifiably demanded under what right the defendants actually legally held the foreclosure. It is not excessive to restrain the sheriff eviction where there are fraudulent lender activities until there is actually proof that the Defendants have the right to foreclose on the plantiff's home and evict her from possession of her home. This relief must be reviewed by this court to avoid an extremely harsh consequence. As to public interest as far as can be seen, there is an important awareness of lender improprieties and predatory activities. .

CONCLUSION

WHEREFORE, for the reasons stated herein and in the simultaneously filed complaint, Plaintiff respectfully prays that this Honorable Court grant to her the following relief:

1. Accept jurisdiction over the parties and the subject matter of this cause;
2. Enter a Temporary Restraining Order enjoining and restraining the unlawful detainer enforcement of sheriff eviction process;
3. Grant the Temporary Restraining Order without bond; and
4. Grant such other and further relief as the Court deems equitable, appropriate and just.

Date: July 9, 2008

Respectfully submitted,

Jan Schieberl

JAN SCHIEBERL
Plaintiff in pro se

VERIFICATION

I, JAN SCHIEBERL, am plaintiff in the above-entitled action. I have read the foregoing emergency Application for Ex Parte Temporary Restraining Order, and the simultaneously filed complaint and know the contents thereof. The facts and allegations contained therein are true and correct of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Glendale , California.

Dated: July 09, 2008

JAN SCHIEBERL

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that in this ______ day of July 2008 I caused a true and correct copy of the foregoing Motion for Ex Parte Temporary Restraining Order has been furnished by fax to defendant Avelo Mortgage being represented by

Robert Jackson, Esq. at:
Jackson & Associates
4199 Campus Drive
SUITE 700
IRVINE, CA
PHONE: (949) 854-2244

:

Dated: ______________ ________________________________________