IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN SCHIEBERL, | No. C 08-3321 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| AVELO MORTGAGE LLC, *et al.*, | |
| Defendants. | |

Plaintiff has filed a motion for a temporary restraining order. Plaintiff alleges that defendants unlawfully foreclosed on her house, and she now seeks a temporary restraining order to stay a pending unlawful detainer action. In support of the motion, plaintiff has also submitted her own declaration which states, among other things, that she sent letters to defendant Avelo Mortgage LLC "requesting validation and verification of the alleged debt," and that "[s]ubsequent failures on the part of Avelo to properly respond to these requests have been noted by service of Notices of Fault and opportunity to cure, followed by Notices of Default and admission of tacit agreement to all statements, resulting in penalty of $20,000,000.00 and additional penalties for failure to pay . . . ." Schieberl Decl. ¶ 2. Plaintiff attached to the complaint copies of these and other notices issued by plaintiff to defendants.

The standard for issuing a TRO is similar to that required for a preliminary injunction. *See L.A. Unified Sch. Dist. v. U.S. Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting). Requests for injunctive relief may be satisfied by either of two sets of criteria. The "traditional" test requires the movant to: (1) establish a strong likelihood of success on the merits; (2) show the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) show a balance of hardships favoring the movant; and (4) show that granting the injunction favors the public interest. *See*

*L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). The "alternative" test requires that the movant demonstrate either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in his favor. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). Under either test, the movant must demonstrate that there exists a significant threat of irreparable injury. *Oakland Tribune, Inc. v. Chronicle Publ'g Co., Inc.*, 762 F.2d 1374, 1376 (9th Cir. 1985).

The Court finds that plaintiff has not raised serious questions about the merits of the claims alleged in complaint. Plaintiff's motion for a temporary restraining order does not advance any specific arguments about why plaintiff will prevail on her claims, and instead simply asserts that the exhibits attached to the complaint "are sufficient and demonstrate a sufficient likelihood of success." Motion at 11. Plaintiff does not explain how the exhibits attached to the complaint support her claims, and it is not apparent from the face of these "notices" how they aid plaintiff's case. Accordingly, the Court DENIES plaintiff's motion for a temporary restraining order. (Docket No. 2).

**IT IS SO ORDERED.**

Dated: August 4, 2008

SUSAN ILLSTON
United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAN SCHIEBERL,

        Plaintiff,

v.

AVELO MORTGAGE LLC et al,

        Defendant.
_____/

Case Number: CV08-03321 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 5, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jan Schieberl
2240 Millstream Lane
San Ramon, CA 94582

Dated: August 5, 2008

Richard W. Wieking, Clerk
By: Tracy Sutton, Deputy Clerk