IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAN SCHIEBERL,

        Plaintiff,

  v.

AVELO MORTGAGE LLC, *et al.*,

        Defendants.

        /

No. C 08-3321 SI

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS COMPLAINT WITH LEAVE TO AMEND**

    Defendants' motions to dismiss the complaint are scheduled for a hearing on December 12, 2008. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the December 12, 2008 hearing. The Court also VACATES the case management conference scheduled for the same day. For the reasons set forth below, the Court GRANTS defendants' motions to dismiss the complaint, with leave to amend by December 19, 2008.

**BACKGROUND**

    This case arises from a sale of plaintiff's property located at 2440 Millstream Lane, San Ramon, California 94582, through a non-judicial foreclosure sale on April 21, 2008. Defendant Citimortgage, Inc. was the mortgage holder on the property; defendant Northwest Trustee Services ("NWTS") is a California corporation engaged in the business of acting as a foreclosure trustee, and foreclosed on the property; and defendant Avelo Mortgage LLC was assigned the deed of trust in December 2007, and after Avelo was the highest bidder at the April 21, 2008 trustee's sale the property was conveyed to Avelo.

    Plaintiff filed this lawsuit on July 9, 2008. The original complaint, and the subject of the

pending motions to dismiss, alleges three causes of action. The first cause of action for declaratory judgment seeks a declaration that plaintiff is "protected by" the Fair Debt Collection Practices Act, requests the Court to "declare whether or not the defendants can demonstrate legal status and standing in the true legal capacity as holder in due court of the original signed deed of trust and any related note," and alleges that a "judicial determination is appropriate to determine the plaintiff's rights and duties before the pending execution of a sheriff's eviction." Complaint ¶¶ 25, 27, 29. The second cause of action for injunctive relief states that "[t]he trustee's wrongful sale and Unlawful detainer must be stayed to prevent great and irreparable injury to the plaintiff should the eviction occur as scheduled." *Id*. ¶ 33.[1] The third cause of action for "statutory damages" seeks in excess of $25 million in damages and "penalties" based on defendants' "fraudulent conduct and commercial injury . . . for their nonresponse to the repeated requests for debt verification and commercial lien against them." *Id*. ¶ 37. Plaintiff alleges that she has "tendered full payment in kind three times to defendant Avelo and once to Citimortgage, to no avail." *Id*. The complaint seeks a restraining order "enjoining and restraining the pending wrongful eviction in violation of state and federal lending laws and fair practice laws," requests the Court to "cancel and release any deeds of trust in favor of defendants and restore title to plaintiff," and damages. *Id*. Prayer for Relief.

All defendants have moved to dismiss the original complaint for failure to state a claim. Defendant Avelo also seeks judicial notice of records of the County Recorder of Contra Costa County related to plaintiff's property and the foreclosure. According to those records, on or about June 16, 2006, plaintiff signed a deed of trust agreeing to secure a $576,000 loan from Aegis Wholesale Corporation with the real property at 2440 Millstream Lane, San Ramon, California 94582. Request for Judicial Notice Ex. A. On or about December 24, 2007, this deed of trust was assigned to defendant Avelo Mortgage, LLC. *Id*. Ex. B. This assignment of the deed of trust was recorded with the Contra

---

[1] According to the publicly available docket on the website for the Superior Court for Contra Costa County, Avelo Mortgage LLC filed an unlawful detainer action against plaintiff on May 15, 2008, in the Superior Court for the County of Contra Costa. *Avelo Mortgage LLC v. Schieberl et al.*, WS08-0254. Judge Kolin presided over the case, and on July 14, 2008 entered summary judgment in favor of Avelo. Since that date, the docket reflects that Schieberl has filed several motions to vacate the judgment, documents "in admiralty," "notices for payment," and motions for findings of fact and conclusions of law. Judge Kolin recused himself on September 25, 2008. The court denied Schieberl's motion to vacate the judgment by order filed November 21, 2008. *See* http://www.cc-courts.org.

Costa Recorder's office on April 3, 2008. *Id*. On or about December 24, 2007, defendant Northwest Trustee Services, Inc. was substituted in as the trustee under the deed of trust. *Id*. Ex. C. On December 31, 2007, a Notice of Default and Election to Sell Under Deed of Trust was recorded with the Recorder's office. *Id*. Ex. D. The Notice informed plaintiff that she was behind in her payments in the amount of $19,054.52 as of December 31, 2007, that she had the legal right to bring her account into good standing by paying all past due payments, and that no sale of the property could be set until three months from the date the notice of default was recorded. *Id*. On April 1, 2008, defendant NTS issued a Notice of Trustee's Sale informing plaintiff that she was in default and that a sale of the property was scheduled for April 21, 2008. *Id*. Ex. E. The trustee's sale took place on April 21, 2008, and the property was conveyed to Avelo. *Id*. Ex. F.

On December 1, 2008, without leave of Court and while defendants' motions to dismiss the complaint were pending, plaintiff filed an amended complaint. (Docket No. 32). The amended complaint states that this case in an admiralty case, and identifies plaintiff as "Ambassador and Public Minister" and "Private Attorney General." Plaintiff has inexplicably included a number of individuals identified as "Initial Victims and Federal Witnesses" as plaintiffs, and sued not only Citimortgage, Avelo Mortgage LLC and Northwest Trustee Services, but also "Legal Eagles et al. an informal enterprise," L. Denise Steele and David Altshuler (both allegedly employees of Avelo), Judge William Kolin, and attorneys Robert Jackson, Grace Kil, and Jackson & Associates. In the caption defendants are identified as "Predicate Actors and Initial." On the defendant side of the caption plaintiff has also listed numerous federal and state courts located across the country, and the proof of service states that the amended complaint was mailed to a number of these courts.

The amended complaint is 35 pages and makes many of the same factual allegations as the original complaint with regard to the foreclosure of plaintiff's property. Although the amended complaint is largely incoherent, it appears that plaintiff alleges that defendants did not have the right to foreclose on her property for a variety of reasons, and that Judge Kolin is biased against her. The amended complaint does not allege any federal claims, although the complaint alleges that "the Fair Debt Practices Act" authorizes the Court to review whether "the state court lacked jurisdiction" and to set aside the foreclosure. The amended complaint also states that the Court has jurisdiction under RICO,

3

but does not allege any claims under RICO.

The complaint also contains, under the headings "Memorandum of Law" and "Standard of Review" what purports to be a retyped except of a judicial opinion from a New York court, running 11 pages long. *See* Amended Complaint at 23-24. Attached to the amended complaint are the following: (1) a "motion in limine" in which plaintiff "notices this court of the impermissiblity of Judge William Kolin's actions" in the unlawful detainer action;[2] and (2) an "Affidavit of Truth" which states, *inter alia*, that plaintiff is a "self realized entity, a natural woman," "an Ambassador and Public Minister on temporary missionary service to the Church of Christ. My yes be yes, My no be no," and that by "virtue of the actions [listed in the Affidavit] Affiant has perfected administrative judgments against all named defendants."

## DISCUSSION

All defendants move to dismiss the complaint for failure to state a claim. Defendants correctly argue that the original complaint does not allege a factual or legal basis for relief. Plaintiff has filed two oppositions to the motions, neither of which address any of defendants' arguments. Both oppositions indicate that this is an "Admiralty" case, which this case is not. Plaintiffs' oppositions simply assert that defendants' motions are frivolous, cite various civil procedure rules and quote *Black's Law Dictionary*.

Ordinarily, in light of the fact that plaintiff is representing herself, the Court would grant plaintiff leave to amend. Here, plaintiff's has already filed an amended complaint, albeit without leave of court, and the amended complaint strongly suggests that further leave to amend may prove fruitless. The amended complaint is even more deficient than the original complaint in that it does not allege any separate causes of action. Neither complaint alleges facts giving rise to federal jurisdiction, or makes a clear claim that defendants violated any federal statutes. The complaints allude to both the Federal Debt Collection Practices Act and to RICO, but do not make any specific claims under that statute or allege how any defendant violated the FDCPA or RICO.

---

[2] Plaintiff also filed a separate "motion in limine" complaining about Judge Kolin and accusing Judge Kolin of being biased against her. *See* Docket No. 31. The motion in limine is not authorized by any rules of civil procedure, lacks merit, and is DENIED.

4

The Court also notes that to the extent plaintiff seeks relief related to a state court unlawful detainer action, plaintiff may not file suit in federal court as an alternative to appeal from that judgment.[3] Federal district courts, as courts of original jurisdiction, may not review the final determinations of a state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts); *Doe & Assoc. v. Napolitano*, 252 F.3d 1026, 1029-30 (9th Cir. 2001);, 134 F.3d 933, 936 (9th Cir. 1998). This is so even when the state court judgment is not made by the highest state court, *see Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986), and when federal constitutional issues are at stake, *see Branson v. Nott*, 62 F.3d 287, 291 (9th Cir.), *cert. denied*, 516 U.S. 1009 (1995); *Mullins v. Oregon*, 57 F.3d 789, 792 (9th Cir. 1995). This doctrine is referred to as the *Rooker-Feldman* doctrine.

Since plaintiff is representing herself, the Court will give her one final opportunity to amend. She is cautioned that she must clearly state the basis for federal jurisdiction and she must concisely state the facts which she alleges constitute her claim for federal relief. She may not include claims which merely seek reversal of or change to prior state court rulings. She may not sue state court judges who ruled against her, as those individuals have immunity from suit; a state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983).

Finally, plaintiff may only represent herself. The caption to the amended complaint suggests that plaintiff intends to act as "private attorney general for the class of victims and federal witnesses," and the caption lists the names and addresses of dozens of other people, many from other states. As a non-lawyer, plaintiff may represent herself but she may not represent anyone else.

**If plaintiff chooses to file a second amended complaint, she must do so by December 19, 2008.**

---

[3] Indeed, the Court notes that plaintiff states that she intends to appeal from the state court action.

5

**CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS defendants' motions to dismiss. (Docket Nos. 17, 21 & 23). Plaintiff is given leave to amend no later than December 19, 2008.

**IT IS SO ORDERED.**

Dated: December 3, 2008

SUSAN ILLSTON
United States District Judge