**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAN SCHIEBERL,

    Plaintiff,

   v.

AVELO MORTGAGE LLC, *et al.*,

    Defendants.

No. C 08-3321 SI

**ORDER GRANTING MOTIONS TO DISMISS COMPLAINT WITHOUT LEAVE TO AMEND**

Several of defendants' motions to dismiss the complaint are scheduled for a hearing on April 3, 2009.[1] Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendants' motions to dismiss the complaint without leave to amend.

**DISCUSSION**

By order filed December 3, 2008,[2] the Court granted defendants' motions to dismiss the complaint, and granted plaintiff "one final opportunity" to amend the complaint. The Court's December 3, 2008 order explained in great detail why plaintiff's claims were deficient, and provided guidance to plaintiff in the event she chose to amend the complaint. The Court informed plaintiff, among other things, of the following: (1) this case is not an admiralty action; (2) to the extent plaintiff

---

[1] Motions to dismiss filed by defendants Robert Jackson and Citimortgage are scheduled for a hearing on May 1, 2009. (Docket Nos. 45, 75 & 80).

[2] The Court incorporates by reference the December 3, 2008 order.

seeks relief related to a state court unlawful detainer action, plaintiff may not file suit in federal court as an alternative to appeal from that judgment, and thus that plaintiff may not include claims which merely seek reversal of or change to prior state court rulings; (3) plaintiff may not sue state court judges who ruled against her, as those individuals have immunity from suit; and (4) as a non-lawyer, plaintiff may only represent herself. The Court also instructed plaintiff that an amended complaint must clearly state the basis for federal jurisdiction, and must concisely state the facts which plaintiff alleges constitute her claim for federal relief.

On December 19, 2008, plaintiff filed a 78 page second amended complaint. The second amended complaint suffers from and amplifies the deficiencies contained in the previous complaints. Plaintiff has again invoked admiralty jurisdiction, as well as, among other statutes, RICO, the Foreign Sovereign Immunity Act, the Bill of Lading Act, the Public Vessels Act, and numerous amendments to the United States Constitution, including the Eighth and Thirteenth Amendments.[3] Plaintiff refers to herself as a "Private Attorney General" and a "living soul, a woman upon the soil, and an official who is foreign to the corporation called the United States." SAC ¶ 4.25. Plaintiff again seeks relief related to the state court unlawful detainer action, and she has sued "Kingpin" (Judge) William Kolin and other judges and "rogue" public officials, all of whom are allegedly part of "an informal enterprise" known as "Legal Eagles" who are "operating an cooperative conspiracy under color of law, corrupting interstate commerce." *Id*. ¶ 2.6. Despite being instructed that, as a non-lawyer, plaintiff can only represent herself, plaintiff again seeks to represent others, this time a class of "thousands." *Id*. ¶ 8.1.[4] The second amended complaint includes a demand for a three judge court, and seeks to invoke rules applicable to multi-district litigation.

---

[3] The Eighth Amendment prohibits cruel and unusual punishment, and the Thirteenth Amendment abolished slavery and indentured servitude. *See* U.S. Const. Amends VIII and XIII.

[4] The second amended complaint includes a section titled "Support for Protective Order and Class Certification" which states that "The Private Attorney Generals Jan-Marie: Schieberl, John-Robert: Sorensen, Linda-Wen-Kwang: Wang are natural men and women on the soil, Domiciled in the republic State of California and [other individuals] are Ambassadors and Public ministers for our Lord and savior Jesus Christ our King. We come in name to do his law (James 1:22) which requires we speak up for those who cannot speak for themselves." SAC at p. 68. The complaint continues that "we are real men and represent real men and women," "our names are properly written in upper and lower case form as our proper Christian appellation" and "we can find no authority from the secretary of states office to justify misspelling of our names." *Id*.

Now before the Court are motions to dismiss the second amended complaint filed by a number of defendants.[5] Plaintiff has not filed oppositions to the motions. Instead, she has sought default judgment against these defendants,[6] and also has filed "Notice[s] of Fault and Opportunity to Cure" contending that defendants' motions to dismiss are improper under the Federal Rules of Civil Procedure.

After review of the second amended complaint and the other documents filed by plaintiff, the Court concludes that any further leave to amend would be futile. The second amended complaint does not concisely state the factual and legal basis of plaintiff's federal claims, and violates the instructions of the Court's March 3, 2008 order. Plaintiff's complaint contains a number of claims that are frivolous on their face, such as the allegation that Congress "defined the term 'Dollar' to mean specifically a coin issued by the U.S. Government containing 371 4/16 grains of pure silver [and thus] [t]here is no lawful authority for referring to any form of paper currency as Legal Tender 'Dollars.'" SAC ¶ 6.19. Plaintiff has failed to state a claim upon which relief can be granted, and accordingly the Court GRANTS defendants' motions without leave to amend.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS defendants' motions to dismiss. (Docket Nos. 42, 48, 60, & 61). The Court DENIES plaintiff's "notices of opportunity to cure." (Docket Nos. 47, 50, 51). The Court DENIES plaintiff's "request for assistance to California Attorney General." (Docket No. 70). Plaintiff shall file no further documents with regard to the dismissed defendants. With regard to the motions to dismiss filed by defendants Jackson and Citimortgage (which are scheduled for

---

[5] The motions have been filed by Northwest Trustee Services, Avelo Mortgage, LLC, the Superior Court of California, Judge William Kolin, Ken Torre, Contra Costa County, and Warren Rupf, Sheriff-Coroner of Contra Costa County.

[6] Plaintiff did not seek entry of default by motion (which would have been improper in any event since defendants have responded to the complaint by moving to dismiss). Instead, plaintiff filed documents titled "Entry of Default Judgment per attached order and Cancellation of All Pending Hearings" against various individual defendants which purported to enter judgment in the amount of $225,000,000.00 against "Legal Eagles" and stating that the individual defendant's specific financial liability would be assessed at a later date. *See, e.g.*, Docket No. 54 (against Northwest Trustee Services). The Clerk construed these documents as motions for entry of default, and properly denied each of the motions.

3

a hearing on May 1, 2009), plaintiff's opposition papers are due no later than April 10, 2009. Upon receipt of the opposition papers, if any, the Court will consider whether to resolve the motions on the papers or whether further hearing is necessary.

**IT IS SO ORDERED.**

Dated: March 30, 2009

SUSAN ILLSTON
United States District Judge